Lottie C. Dingel, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 6, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Katherine L. Hagg,* with her *Irvin S. Bails,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 26, 1974:

Lottie C. Dingel (claimant) was employed for approximately eight years by the Pennsylvania State Police in Pittsburgh, primarily as a communications operator. Her last working day was February 1, 1973. Since October 1971 she had been under a doctor's care for hypertension, nervousness and arthritis, and when her doctor suggested that she ask for lighter work she did so, but none was then made available for her. Subsequently, again at her doctor's recommendation, she requested a leave of absence without pay, which was granted, commencing March 31, 1973 and extending for 90 days. She applied for unemployment compensation benefits for the compensable weeks ending April 21, 1973 through May 19, 1973 (all within the 90-day leave of absence period), but benefits were denied by the referee and by the Unemployment Compensation Board of Review (Board).

The claimant testified that her weakened physical condition would no longer permit her to do the work previously required of her as a communications operator, but that it would be beneficial for her to perform lighter duties for which she would be qualified, such as clerical, stenographic or auditing work. She also testified that her doctor had endorsed an application for a second 90-day leave of absence, but that she hoped the full 90 days of the original leave would not be needed. Her application for benefits was denied on the ground that she was not "able to work and available for suitable work."

Our scope of review in cases of this kind is limited to questions of law and, absent fraud, to a determination as to whether or not the Board's findings are supported by the evidence. Questions of credibility and

the weight to be given evidence are for the Board. Furthermore, the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence in the record. *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). Applying these rules to the case at hand, we must affirm the Board's findings.

Section 401(d) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §801(d), provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . .

. . . .

"(d) Is able to work and available for suitable work. . . ."

The test of availability under the Unemployment Compensation Law has been to require a claimant at all times to be ready, able and willing to accept suitable employment, temporary or full time. *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802 (1951). It has also been held that "availability for work" in the light of the Unemployment Compensation Law means that a claimant should actually and currently be attached to the labor force. *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792 (1955).

It is clear, of course, that the initial burden of proving a right to unemployment compensation rests with the claimant. *Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A. 2d 782 (1973). The claimant here argues that she has established such a prima facie case of availability by registering for work and declaring her availability for full time work, and she cites *Sturdevant Unemployment Compensation Case* 158 Pa. Superior Ct. 548, 45 A. 2d 898 (1946). The presumption of

availability, however, is rebuttable, and the question thus becomes whether or not the Board could have reasonably drawn an inference from the surrounding circumstances to rebut it in this case. We believe that it could have done so.

A review of prior cases has uncovered no precedent exactly interpreting the significance of a leave of absence without pay for purposes of determining "availability" under Section 401(d). A leave of absence has been defined as "a temporary absence from duty with intention to return during which time remuneration is suspended." Black's Law Dictionary, 1036 (rev. 4th ed. 1968). The leave of absence taken by the claimant in this case appears to come within that definition and so, in effect, to resemble a temporary layoff, which is a situation where the employer and employe maintain a nominal relationship but the employe is neither actively working nor receiving compensation from the employer. It generally contemplates that the employe will rejoin the employer's active work force at a specified date in the future, and it has been held to afford no basis for the claim that an individual is unemployed within the meaning of the Unemployment Compensation Law. *Lybarger Unemployment Compensation Case*, 203 Pa. Superior Ct. 336, 201 A. 2d 310 (1964). We believe, therefore, that the leave of absence involved here would have a similar effect.

We do not believe, of course, that *every* leave of absence would necessarily render a claimant ineligible for unemployment benefits. In this case, however, the claimant's clear decision to go and to remain on leave of absence rather than to terminate her employment relationship altogether does constitute some evidence that she was not ready, able and willing to accept other employment, and, under the particular circumstances appearing in the record, we believe that the Board was justified in so finding.

There have been several cases, of course, in which the claimant concerned, after having been offered a position with another employer, qualified his acceptance by stating that he would accept a recall by his former employer. *Gavlick Unemployment Compensation Case,* 197 Pa. Superior Ct. 621, 179 A. 2d 926 (1962); *Baker Unemployment Compensation Case,* 193 Pa. Superior Ct. 460, 165 A. 2d 103 (1960); *Rex Unemployment Compensation Case,* 183 Pa. Superior Ct. 442, 132 A. 2d 363 (1957). In each such case, the claimant was unsuccessful in his attempt to prove his availability for work and his actual attachment to the labor force, for, by conditioning his willingness to work upon a recall from his former employer, he so restricted his employability as to render himself unavailable and thus to detach himself from the labor market, thereby making him ineligible for benefits under Section 401(d) of the Unemployment Compensation Law. *Trabold Unemployment Compensation Case,* 191 Pa. Superior Ct. 485, 159 A. 2d 272 (1960). There is no evidence on the record here, it is true, that any opportunities for prospective employment were lost because of the claimant's being on a leave of absence. In fact, there is no evidence that she was ever offered a job during the period involved in her claim. In her own testimony before the Referee, however, she made statements from which it could easily be inferred that she always expected to return and certainly wished to do so. Clearly, if such statements had been made to a prospective employer, we would have had ample precedent for concluding that she was not "available" within the meaning of Section 401(d). We should not resolve this case differently merely because she communicated her expectations and intentions, not to a prospective employer, but to the Referee himself at the hearing.

490

In addition, the claimant testified here that she was about to request still another 90-day leave, although she expressed the hope that "that many days won't be needed." The Board could properly have inferred from this testimony, too, that she expected to be actively employed again soon by the State Police. Moreover, she clearly indicated that she wanted to continue in the service of the State Police. Where there is evidence from which it could be reasonably inferred that the claimant expected and desired to return to work with her former employer, a finding that the claimant is not "available" within the meaning of the Unemployment Compensation Law is adequately supported. We must affirm a finding of the Board if it is supported by substantial evidence and absent an error of law or showing of fraud. *Trella v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 305, 309 A. 2d 742 (1973).

In order to qualify for unemployment compensation benefits, a claimant must demonstrate his willingness to accept permanent, suitable employment with another employer without being subject to recall. While it is conceivable that, under certain circumstances not evident here, he could demonstrate such willingness despite being on a leave of absence, the Board was justified here in its finding that this claimant actually was not "able to work and available for suitable work."

For the above reasons, therefore, we issue the following

### Order

Now, July 26, 1974, the Order of the Unemployment Compensation Board of Review as to the claim of Lottie C. Dingel is hereby affirmed.