Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Joseph J. Patsy, Appellant.

342

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Steven J. Fishman,* with him *Fishman & Hess,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 10, 1975:

The appellant Joseph J. Patsy, an unemployment compensation claimant, was employed as a bartender in Carlisle. He fractured his leg in an accident unrelated to his employment and the leg was placed in a cast. His temporary partial disability resulted in the loss of his job. Mr. Patsy applied to the Bureau of Employment Security for unemployment compensation, furnishing

his doctor's written opinion that the claimant could be gainfully employed in sedentary work. The Bureau denied compensation. On appeal, a referee properly concluded that the circumstances of the claimant's separation did not disqualify him from compensation but found that, because of the condition of his leg, Mr. Patsy was not realistically attached to the labor market and was therefore ineligible to receive compensation by virtue of Section 401(d) of the Unemployment Compensation Act[1] requiring as a condition of eligibility that the claimant be "able to work and available for suitable work." The claimant appealed to the Board of Review which upheld the referee's decision by majority vote. He has filed a further appeal to this Court.

Where the decision of the Unemployment Compensation Board of Review is against the party with the burden of proof, the reviewing court, in the absence of error of law or showing of fraud, determines only whether the findings of fact are consistent with each other and with the Board's conclusion of law and whether the order can be sustained without a capricious disregard of competent evidence. *Walsh v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974). The burden is upon an applicant for unemployment compensation benefits to prove availability and, while a prima facie case of availability is established by proof that the applicant registered for work and declared his availability, such a showing is rebuttable. *Dingel v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974). The question of availability of the employe for suitable employment is largely one of fact for the Unemployment Compensation Board of Review. *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Common-

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

wealth Ct. 445, 322 A.2d 807 (1974). The claimant must actually be currently attached to the labor force in order to be said to be available for work. *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973). If the claimant, though disabled, is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of his residence, he is attached to the labor force. *Quiggle Unemployment Compensation Case,* 172 Pa. Superior Ct. 430, 94 A.2d 367 (1953). There is no requirement that the claimant be able to do the same work or type of work as he was formerly; it is sufficient if he is able to do some kind of work and if there is reasonable opportunity for securing such work. *Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A.2d 355 (1949) ; *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946).

The appellant states that he is able and available for light work of a sedentary nature. He relies on his doctor's opinion, his former experience as a salesman and his attendance at an interview for a sedentary job at another bar. He adequately proved, in our opinion, that he was able and available to perform sedentary work. His proofs on the subject of the opportunity in the Carlisle area of obtaining such work were, however, meager at best. The substantive portion of the transcript of the referee's hearing fills less than two pages. Without intending adverse criticism of the referee, we note the Board's rule appearing at 34 Pa. Code §101.21(a) requiring referees to assist unrepresented claimants in the presentation of their cases. We have concluded that the matter should be remanded for further hearing at which the claimant may have the opportunity to adduce, if he can, proof that work suitable to his diminished physical capacities was available in the area of his residence.

ORDER

AND NOW, this 10th day of October, 1975, it is ordered that the record be and it is hereby remanded to the Unemployment Compensation Board of Review for further proceedings consistent with this opinion.