Helen R. Davy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges CRUM-
LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Walter Perry,* with him *Warren R. Baldys, Jr.,* for
petitioner.

*Susan Shinkman,* Assistant Attorney General, with
her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 17, 1978:

Helen R. Davy was declared ineligible for unem-
ployment compensation by a referee and, on appeal,
by the Unemployment Compensation Board of Review

on the ground she was not available for suitable work. Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

Claimant was employed by Cluett-Peabody in Williamsport for eight years as a sewing machine operator. While so employed and since, she has lived in Canton, Pennsylvania, located about forty miles from Williamsport, from which she commuted to her job at Cluett-Peabody, usually, it seems, by car pool. On March 4, 1975, Mrs. Davy lost her job when the plant closed and she applied for and was granted unemployment benefits on November 9, 1975.

On June 3, 1976, an employee of the Bureau of Employment Security called Mrs. Davy by telephone and told her of a job opening for which she was apparently qualified in Williamsport. Mrs. Davy told the caller she had no means of transportation to Williamsport. The referral was not offered to her; and the Bureau then sent her a notice that she was ineligible for benefits on the ground of unavailability under Section 401(d) and for her failure to apply for suitable work under Section 402(a). Mrs. Davy appealed. After hearing, the referee correctly decided that Section 402(a) did not apply because the Bureau had not made the referral of work. He also decided that Section 401(d) did apply because her lack of transportation rendered her unavailable for suitable work. The Board affirmed the decision of the referee. After Mrs. Davy appealed the Board's decision to this Court, the parties agreed to remand to give her a further opportunity to present evidence. At the first hearing Mrs. Davy had testified that she would take a position in Williamsport if she had transportation, the clear inference being that she didn't have transportation and therefore could not work in Williamsport. At the second hearing she and her husband offered sev-

eral possibilities for transportation to Williamsport, the principal one suggested being the possibility of joining another car pool. In the end, the referee, as it was within his province to do, believed Mrs. Davy's testimony at the first hearing—that she was not available for a job in Williamsport because she had no transportation.

Our scope of review is confined to questions of law and, absent fraud, a determination of whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. *Lakeview Forge Co. v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 204, 387 A.2d 984 (1978). Generally, the determination of whether a claimant is available for work as required by Section 401(d) of the Law is a question of fact for the Board. *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Claimant's testimony concerning her ability to obtain transportation to Williamsport was not consistent and the Board was justified in resolving the question by accepting the first version of Mrs. Day's position on work in Williamsport. The referee and the Board found, however, that the nearest labor market with suitable jobs for Mrs. Davy was Williamsport. The only support for the finding which we can find in the record is the following examination of Mrs. Davy:

Q. You live in Canton. Are there any manufacturing plants in Canton—

A. No.

Q. Where they would hire sewing machine operators?

A. Not as I know of in Canton, no.

We believe this testimony is insufficient to support the finding that the nearest labor market with jobs suitable for Mrs. Davy was in Williamsport, forty

miles from her home. First, there is no rule of which we are aware that the work is only suitable if it is work similar to that in which the claimant was previously engaged. A claimant is attached to the labor force as long as she is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of her residence. *Unemployment Compensation Board of Review v. Patsy*, 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). We believe that the compensation authorities improperly limited their inquiry into the availability of work suitable to Mrs. Davy's circumstances to employment opportunities for sewing machine operators. It follows that the referee and the Board also erred in finding that the nearest labor market to be considered in Mrs. Davy's case was Williamsport.

The case of *Goodwin v. Unemployment Compensation Board of Review, supra,* is close on the facts. There a laborer was unable to report to a referral because his automobile was inoperable. The compensation authorities decided, *inter alia,* that he was not available for suitable work as required by Section 401 (d). We reversed, holding that it could not be declared as a matter of law that a person was unavailable for suitable work solely because he could accept work only within walking distance of his home; and that whether or not a person in those circumstances was actually unavailable would depend on the outcome of an inquiry into the status of the job market within walking distance of where the claimant lived. It happened in *Goodwin, supra,* that there was uncontradicted evidence in the record that there were several large industrial plants and commercial establishments within walking distance of the claimant's home. We therefore reversed the Board's determination of ineligibility and directed that benefits should be paid Here, there is nothing on the record concerning the

availability of work to one who lives in Canton, Pennsylvania and who is, as the referee and Board found, unable to commute to Williamsport, 40 miles away. We believe that the proper course in this case is to reverse the order below and to remand the record to the Board of Review for a factual inquiry into the availability of suitable work—that is, work Mrs. Davy can do not limited to the operation of sewing machines—in the area of or near Canton within which Mrs. Davy can walk or otherwise travel; and we will so order.

ORDER

AND Now, this 17th day of October, 1978, the order of the Unemployment Compensation Board of Review is reversed and the record is ordered remanded to the Unemployment Compensation Board of Review for further proceedings consistent with the opinion in this appeal.