George J. Pizzo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*James J. DeMarco,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 3, 1981:

George J. Pizzo (claimant) appeals a decision of the Unemployment Compensation Board of Review affirming a referee's denial of benefits to him under Section 401(d) of the Unemployment Compensation Law (Act).[1]

Claimant suffers from fluid on the knees, a condition which is aggravated by prolonged periods of standing and which causes him pain. On April 12, 1978, because of his worsening condition, claimant voluntarily terminated his employment with Virnelson's Bakery, where he had been employed as a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

mixer since 1956. Claimant's application for unemployment compensation benefits showed an effective date of June 18, 1978. Accompanying the application was a certification from claimant's treating physician which indicated that claimant was unable to accept gainful employment as of June 18, 1978. On the basis of that certificate, the Bureau of Employment Security issued its determination that claimant was ineligible for benefits because he was not able and available for suitable work as required by Section 401(d) of the Act. The referee affirmed that determination and concluded that the statement by claimant's physician medically certified the claimant as being unable and unavailable for employment. Following the Board's affirmance of the referee's decision, this appeal followed:

In this case it is clear that the doctor's certification formed the central basis for the denial of benefits to claimant. It is the well settled law, that before one may qualify for unemployment compensation benefits, he must prove that he is able to work and available for suitable work. *Koba v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977).

Claimant contends that the mere fact that he registered for work with the Bureau raises a presumption of availability. While this is true, this presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept. *Baker v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975).

The instant claimant is unable to stand for long periods as it causes a painful buildup of fluid in his knees. Moreover, his treating physician has medically certified that claimant was unavailable for work as of the effective date of his application for benefits. The medical certification and claimant's undisputed

disability effectively rebut the presumption. Once the presumption is rebutted, it disappears and has no further effect upon the outcome of the case. *Waters v. New Amsterdam Casualty Co.*, 393 Pa. 247, 144 A.2d 354 (1958). Following a rebuttal of the presumption, a claimant must produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work. *Molnar v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979).

This claimant produced no such evidence. Claimant's testimony at the hearing was that he previously worked as a bench hand and a machine operator at the bakery, but that all of the jobs at the bakery now require employees to remain standing. Claimant is, by his own admission and by medical certification, unable to perform any of the available jobs at the bakery. Claimant also testified that he required surgery on both knees, but that he had no medical coverage and was not able to have the surgery performed. The record indicates, moreover, that prior to quitting his job, claimant made no effort to secure another position at the bakery and did not inform management of his physical disability until a month and a half after his last day of work.

Claimant in his brief now asserts that there are a number of jobs that he is able to perform. That assertion is of no consequence in light of the fact that claimant produced no evidence *on the record* regarding the availability of such jobs or the reasonable possibility that he could secure any of them. This Court's scope of review in unemployment compensation cases is limited to questions of law and a determination of whether or not the findings of the Board are supported by the substantial evidence of record. *Fitterling v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 113, 398 A.2d 744 (1979).

The instant action represents the typical problem associated with claimants who apply for unemployment compensation after terminating their employment because of a physical disability. It is generally assumed that the physical condition which justified an employee leaving his employment will also prevent that employee from working at all and will consequently prevent him from receiving benefits since the Act requires the availability of the claimant for immediate work. *Molton Unemployment Compensation Case,* 194 Pa. Superior Ct. 190, 166 A.2d 103 (1960).

In this case, the presumption of availability raised by claimant's registration for work with the Bureau was rebutted by evidence that his physical condition limits the type of work he is available to accept, *Baker, supra.* Following the rebuttal of the presumption, claimant had an affirmative obligation to produce evidence that he was reasonably able to secure work within his physical limitations. This claimant has not met his burden of showing availability for work and right to unemployment compensation benefits.

ORDER

AND Now, this 3rd day of February, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-167821 is affirmed.