Michele Wincek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

202

Argued November 20, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

_Richard J. Orloski_, of _Stamberg, Caplan & Calnan_, for petitioner.

_William Kennedy_, Associate Counsel, with him _Charles G. Hasson_, Associate Counsel, _Richard Wagner_, Counsel, and _Richard L. Cole, Jr._, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 20, 1982:

Michele Wincek, an employee of a Burger King restaurant in Wilkes-Barre, Pennsylvania, appeals from an order of the Unemployment Compensation Board of Review denying her claim for six weeks of

unemployment benefits on the ground that during the period for which compensation is sought she was not "able to work and available for suitable work" within the meaning of Section 401(d) of the Unemployment Compensation Law.[1]

In June, 1978, claimant approached her superiors at the restaurant and informed them that she was then in the third trimester of her pregnancy and that she had been advised by her attending physician that employment would no longer be free from medical hazard unless it was strictly of a sedentary nature. Claimant's superiors discussed the situation with her and, after reviewing a writing of her physician describing the required limitation and exploring the possibility that the claimant might perform her duties while seated on a stool, it was concluded that strictly sedentary work at the Burger King was not feasible and that the best course to follow was for the claimant to take a leave of absence until after her confinement and then to return to her duties at the restaurant.

The claimant's application for unemployment benefits was denied by the unemployment authorities and an appeal was taken to this Court. In an opinion by Judge WILLIAMS we remanded the cause to the Board for further proceedings including a determination, absent from the decision of the Board, of whether the claimant's leave of absence was voluntary or involuntary.[2] Following our remand a referee, acting as a hearing examiner for the Board, conducted a hearing at which the claimant and her counsel and a representative of Burger King appeared, evidence on the issue of the voluntariness of the claimant's pregnancy leave was adduced, and on the basis of a determination

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

[2] *Wincek v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980).

that the pregnancy leave was directed by the employer and therefore involuntary but that the claimant was not available for work during the period of the leave of absence benefits were again denied. This appeal followed. We affirm.

The disputed factual finding is:

7. The claimant has not shown the availability of sedentary job opportunities in her labor market area during the period at issue.

The claimant's position is that this finding betrays a misconception on the Board's part with respect to the applicable law as it was not her burden to show the availability of jobs suited to her limitations but was instead the employer's burden to show the absence of such jobs.[3]

"It is clear, of course, that the initial burden of proving a right to unemployment compensation rests with the claimant." *Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974). *See Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973). The claimant, therefore, had the burden to establish that she was able and available for suitable work as required by Section 401 (d). *Molnar v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979). In this regard a claimant creates a prima facie case of availability by proof of registration for work with the unemployment authorities. *Molnar v. Unem-*

---

[3] Claimant also argues that the position of the Board with respect to the allocation of the burden of proof in this case violates Article I, Section 28 of the Constitution of the Commonwealth of Pennsylvania forbidding gender based discrimination in that, claimant contends, pregnant women but not others are required to show the availability of suitable local jobs. This argument is specious. The burden of proof imposed on the claimant in this case is universally applicable.

*ployment Compensation Board of Review, supra; Unemployment Compensation Board of Review v. Shrump,* 22 Pa. Commonwealth Ct. 570, 349 A.2d 787 (1975); *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975); *Baker v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975). "The presumption of availability, however, is rebuttable, and the question thus becomes whether or not the Board could have reasonably drawn an inference from the surrounding circumstances to rebut it in this case." *Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. at 484, 322 A.2d at 733.

The circumstances surrounding this case are that the claimant limited her availability to jobs that required no walking or standing, that her previous job experience was exclusively in fast food restaurants where no sedentary jobs are possible, and that she expected to and did in fact return to her former employment immediately following the birth of her child. We have consistently held that the presumption of availability "is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept." *Pizzo v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 431, 433, 424 A.2d 1021, 1023 (1981). *See also Molnar v. Unemployment Compensation Board of Review, supra; Unemployment Compensation Board of Review v. Patsy, supra; Baker v. Unemployment Compensation Board of Review, supra.* For example in *Chapman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 254, 414 A.2d 174 (1980) where the claimant's lung condition limited his job availability to "sedentary, clean air endeavors[s]" and in *Baker v. Unemployment Compensation Board of Review, supra,* where the claimant's allergies limited her avail-

ability to part-time work of a sedentary nature, and in *Unemployment Compensation Board of Review v. Patsy, supra,* where the claimant's fractured leg limited him to sedentary jobs, we held the presumption of availability to be rebutted. It was reasonable and in complete accord with the decisions of this Court for the Board to conclude that the presumption was similarly unavailable to the claimant in this case.[4] Finally, as we wrote in *Pizzo v. Unemployment Compensation Board of Review*:

> [o]nce the presumption is rebutted it disappears and has no further effect upon the outcome of the case. Waters v. New Amsterdam Casualty Co., 393 Pa. 247, 144 A.2d 354 (1955). Following a rebuttal of the presumption, a claimant must produce evidence that he is able to do some work and that there is a reasonable opportunity for securing such work. Molnar v. Unemployment Compensation Board of Review, 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979).

*Id.* 56 Pa. Commonwealth Ct. at 434, 424 A.2d at 1022. The Board's legal conclusion that it was the claimant's burden to show the existence of local employment opportunities within her limitations was not in error.

---

[4] In *Defeo v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 161, 392 A.2d 337 (1978), relied on by Ms. Mincek the Board concluded that the claimant was disqualified from the receipt of unemployment benefits because she took a leave of absence. We reversed because the record showed the leave to have been involuntary. The Board in *Defeo* made no finding as to the claimant's availability for work in the light of her physical condition and we declined to remand the matter for a finding on this issue on the ground that there was no evidence in the record to support an inference that suitable local jobs were unavailable. It is true that implicit in our declining to remand was a decision that the presumption of availability for work was not rebutted by the claimant's physical limitations in that case but those limitations were quite different from Ms. Wincek's.

No evidence was introduced at the referee's hearings in an attempt to show the availability of jobs for which the claimant was suited. Indeed, the only evidence on this issue is the claimant's testimony that her inquiries of friends and other establishments failed to disclose a single job opening. The Board's factual determination that the claimant failed to meet her evidentiary burden, therefore, was not in capricious disregard of the evidence of record and is binding on this Court.

Moreover, our cases establish that an employee who leaves her employment for medical reasons may be disqualified from the receipt of unemployment benefits as unavailable for work if the claimant commences a medical leave of absence of limited duration with the intention of then returning to the former employment. The Board's decision in this case is also sustainable on this ground.

In *Dingel v. Unemployment Compensation Board of Review, supra,* the claimant was advised by her physician to seek lighter work and, when no such work was made available to her by her employer, she commenced a ninety day medical leave of absence. On the issue of the claimant's availability for suitable work within the meaning of Section 401(d) we wrote:

> Where there is evidence from which it could be reasonably inferred that the claimant expected and desired to return to work with her former employer, a finding that the claimant is not 'available' within the meaning of the Unemployment Compensation Law is adequately supported.

*Id.* at 490, 322 A.2d at 734. *See Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A.2d 802 (1951).

In the instant case, as we have intimated, the claimant repeatedly testified that she intended and expected

to return to work at the Burger King following the birth of her child, that she so informed her superiors, that a position was held open for her and that, on October 2, 1978, she returned to her former duties. There is adequate support for a conclusion that the claimant's period of unemployment was limited, at the outset, to the period of her disability due to pregnancy, that she expected and desired to return to her former employment following her confinement, and, therefore, that she was not during the period of her medical leave, realistically atached to the local labor market.

Order affirmed.

### ORDER

AND Now, this 20th day of January, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.