IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Friendship Community, Inc.,      :
          Petitioner      :
                         :
        v.                 :
                         :
Unemployment Compensation      :
Board of Review,      :  No. 1553 C.D. 2019
          Respondent      :  Submitted: May 11, 2020

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COVEY[1]            FILED: September 11, 2020

      Friendship Community, Inc. (Employer) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) October 8, 2019 order affirming the Referee's decision granting Bethany N. Young (Claimant) UC benefits under Sections 401(d)(1) and 402(b) of the UC Law (Law).[2] Essentially, Employer presents two issues for this Court's review: (1) whether Claimant was disqualified from receiving benefits under Section 401(d)(1) of the Law; and (2) whether Claimant was ineligible for UC benefits under Section 402(b) of the Law.[3]

---

[1] This matter was reassigned to the author on June 29, 2020.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(d)(1) (able and available for suitable work), 802(b) (voluntarily leaving work without cause of a necessitous and compelling nature).

[3] Employer presents four additional issues in its Statement of Questions Involved regarding the Referee's finding of facts; *see* Employer Br. at 4-5, however, the UCBR, as the "ultimate fact-finder," made its own findings of fact and those are the findings before this Court. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Employer employed Claimant as a full-time, direct caregiver working overnight shifts beginning January 17, 2011. Employer approved Claimant for intermittent time off from work due to migraines under the Family and Medical Leave Act (FMLA).[4] After December 2, 2018, Claimant was off work on an approved continuous FMLA leave of absence (FMLA leave) due to having foot surgery on December 4, 2018. In December 2018, Claimant spoke to Employer's human resource director and they agreed that Claimant would not return to working overnight shifts due to the interruption of Claimant's sleep pattern and the frequency of her migraines. On or about February 22, 2019, Claimant exhausted her original FMLA leave. Employer informed Claimant that it had posted her overnight direct caregiver job, and that she should apply for other available positions within Employer's company when she was released to return to work.

On March 20, 2019, Claimant's doctor released her to return to work without restrictions. However, Claimant informed Employer that she was not fully healed or ready to return to work in a caregiver position. Claimant requested an office position and Employer advised her to check Employer's employment website to apply for that type of position. Employer then granted Claimant an extension of her FMLA leave until May 22, 2019. On May 22, 2019, Claimant resigned from her employment.

Claimant applied for UC benefits on March 17, 2019, for waiting week ending March 23, 2019. On June 11, 2019, the Harrisburg Overflow Center (UC Service Center) determined that Claimant was eligible for UC benefits under Section 402(b) of the Law, but ineligible for UC benefits under Section 401(d)(1) of the Law. Claimant appealed and a Referee hearing was held. On July 24, 2019, the Referee

---

[4] 29 U.S.C. §§ 2601-2654.

affirmed the UC Service Center's determination in part and reversed in part, finding Claimant eligible for UC benefits under both Sections 402(b) and 401(d)(1) of the Law. Employer appealed to the UCBR. On October 8, 2019, the UCBR affirmed the Referee's decision. Employer appealed to this Court.[5]

Employer argues that the UCBR erred by concluding that Claimant was not disqualified from receiving UC benefits under Section 401(d)(1) of the Law. This Court has explained:

> Section 401(d)(1) of the Law provides, in part, that '[c]ompensation shall be payable to any employe[] who is or becomes unemployed and who . . . [] [i]s able to work and available for suitable work.' **The burden of proving availability for suitable work is on the claimant**. An unemployed worker who registers for unemployment is presumed to be able and available for work. **This presumption is rebuttable by evidence that** a claimant's physical condition limits the type of work [s]he is available to accept or that [s]**he has voluntarily placed other restrictions on the type of job** [s]**he is willing to accept**. **If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence** that [s]he is able to do some type of work and **that there is a reasonable opportunity for securing such work**. **'The real question is whether Claimant has imposed conditions on** [her] **employment which so limit** [her] **availability as to effectively remove** [her] **from the labor market**.' *Harwood v. Unemployment Comp. Bd. of Review*, . . . 531 A.2d 823, 826 ([Pa. Cmwlth.] 1987).

*Rohde v. Unemployment Comp. Bd. of Review*, 28 A.3d 237, 242-43 (Pa. Cmwlth. 2011) (emphasis added; citations omitted).

---

[5] "Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Allen v. Unemployment Comp. Bd. of Review*, 189 A.3d 1128, 1133 n.3 (Pa. Cmwlth. 2018).

Here, the UCBR found as a fact: "On March 20, 2019, [] [C]laimant was released by her doctor to return to work without restrictions. However, [] [*C*]*laimant informed* [] [*E*]*mployer that she was not fully healed or ready to return to work in a caregiver position.*" UCBR Dec. at 2, Finding of Fact 6 (emphasis added). Because Claimant "voluntarily placed . . . restrictions [on returning to work and] on the type of job [s]he [was] willing to accept[,]" the presumption of availability was rebutted. *Rohde*, 28 A.3d at 243. "[T]he burden [then] shift[ed] to [C]laimant to produce evidence that [s]he [was] able to do some type of work **and that there is a reasonable opportunity for securing such work**." *Id*. (emphasis added).

With respect to Claimant's ability to work, the UCBR concluded "[C]laimant testified that she was able to perform office type work for the week at issue. Therefore, [] [C]laimant is not disqualified from receiving [UC] benefits under Section 401(d)(1) of the Law." UCBR Dec. at 3. Notwithstanding, Claimant was still required to meet her burden of proving that she was available. "To be considered 'available' for purposes of eligibility for unemployment compensation, a claimant must be ready, willing and able to accept either temporary or permanent suitable employment at any time **by another employer and be actually and currently attached to the labor force**." *Craig v. Unemployment Comp. Bd. of Review*, 442 A.2d 400, 402 (Pa. Cmwlth. 1982) (emphasis added).

The factual circumstances in the instant matter are similar to those in *Wincek v. Unemployment Compensation Board of Review*, 439 A.2d 890 (Pa. Cmwlth. 1982). Therein, a fast food employee informed her supervisors that she was pregnant and that her attending physician advised that she engage in only sedentary employment. After considering whether the claimant could perform her

4

duties while seated on a stool, the parties determined that the claimant should take a leave of absence until released from the medical restrictions and then return to her job at the restaurant. Thereafter, the claimant applied for UC benefits and her application was denied. The claimant appealed to this Court, which remanded the matter to the UCBR to determine, *inter alia*, whether the claimant's leave of absence was voluntary or involuntary. The UCBR held an evidentiary hearing and determined that because the claimant's leave was directed by the employer, it was involuntary. Notwithstanding, the UCBR found that the claimant was not available for work during the leave of absence and therefore, the UCBR denied UC benefits. The claimant again appealed to this Court.

> Finding the presumption rebutted, the Court explained:
>
> We have consistently held that the presumption of availability 'is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept.' *Pizzo v. Unemployment Comp*[.] *B*[*d.*] *of Review*, . . . 424 A.2d 1021, 1023 ([Pa. Cmwlth.] 1981). For example[,] in *Chapman v. Unemployment Compensation Board of Review*, . . . 414 A.2d 174 ([Pa. Cmwlth.] 1980)[,] where the claimant's lung condition limited his job availability to 'sedentary, clean air endeavors[s]' and in *Baker v. Unemployment Compensation Board of Review*, [336 A.2d 671 (Pa. Cmwlth. 1975)], where the claimant's allergies limited her availability to part-time work of a sedentary nature, and in *Unemployment Compensation Board of Review v. Patsy*, [345 A.2d 785 (Pa. Cmwlth. 1975)], where the claimant's fractured leg limited him to sedentary jobs, we held the presumption of availability to be rebutted. It was reasonable and in complete accord with the decisions of this Court for the [UCBR] to conclude that the presumption was similarly unavailable to the claimant in this case.

*Wincek*, 439 A.2d at 892 (citations and footnote omitted).

5

The Court further explained:

[A]s we wrote in *Pizzo* . . . :

> [o]nce the presumption is rebutted it disappears and has no further effect upon the outcome of the case. Following a rebuttal of the presumption, **a claimant must produce evidence that he is able to do some work and that there is a reasonable opportunity for securing such work**.

*Id.* . . . at 1022 [(emphasis added; citations omitted)]. The [UCBR]'s legal conclusion that **it was the claimant's burden to show the existence of local employment opportunities within her limitations was not in error**.

**No evidence was introduced at the referee's hearings in an attempt to show the availability of jobs for which the claimant was suited**. Indeed, the only evidence on this issue is the claimant's testimony that her inquiries of friends and other establishments failed to disclose a single job opening.

*Wincek*, 439 A.2d at 892 (emphasis added).

Relying on *Pennsylvania Electric Co. v. Unemployment Compensation Board of Review*, 458 A.2d 626 (Pa. Cmwlth. 1983), the UCBR asserts that "[a] claimant who requests other work and is placed on an unpaid leave of absence, is available for purposes of the Law." UCBR Br. at 18. However, in *Pennsylvania Electric*, the Court concluded that the presumption of availability had not been rebutted, explaining that "a person may not be disqualified for benefits based **solely** upon the brevity of his unemployment or his intention to return to work for the same employer." *Penn. Electric*, 458 A.2d at 628 (emphasis added).[6] Consequently, if

---

[6] In support of this declaration, the *Pennsylvania Electric* Court cited to the Pennsylvania Supreme Court's decision in *Penn Hills School District v. Unemployment Compensation Board of*

6

other reasons exist that support the conclusion that a claimant has removed herself from the job market, she may be disqualified from receiving benefits. *See McCall v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 197 C.D. 2019, filed December 5, 2019).[7] Thus, contrary to the UCBR's assertion, a claimant who requests other work and is placed on an unpaid leave of absence is not available for purposes of the Law if other evidence demonstrates that she has removed herself from the job market.

In the instant matter, unlike the facts in *Pennsylvania Electric*, the presumption of availability was rebutted because Claimant limited her employment to office work with Employer.[8] However, Claimant did not show that there was any opportunity to secure such work. In *Pennsylvania Electric*, the claimant requested other work from the employer **and also** "testified that she interviewed with job counselors from the Bureau of Employment Security and looked in newspapers to see what jobs were available." *Id*. at 628. Here, after Employer directed Claimant to its website, she searched Employer's office position job postings but did not apply for any of the office positions because "**a lot of the positions** [**she**] **wanted in the office** would [sic] ask for a bachelor's degree, which [she] do[es] not have."[9]

---

*Review*, 437 A.2d 1213 (Pa. 1981). However, in *Penn Hills*, the presumption of availability was not rebutted as it was herein.

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *McCall* is cited herein for its persuasive value.

[8] Notably, on Claimant's Internet Initial Claims form, completed on March 18, 2019, Claimant was specifically asked: "Are you able to work?"; Certified Record (C.R.) Item 1 at 4, Claimant responded no, "[n]ot yet cleared by my doctor but should be during my next [appointment] on April 3." *Id*. In addition, on March 25, 2019, Claimant responded on her "Claimant Questionnaire" as follows: "Were you capable of doing the other work? No. Post surgery I am unable to perform my job tasks." C.R. Item 3 at 2.

[9] Claimant's testimony undermines the Board's factual finding that "**the only office work positions available** required a bachelor's degree which [Claimant] does not possess." UCBR Dec.

Reproduced Record (R.R.) at 9a (emphasis added). That is the full extent to which Claimant attempted to attach to the labor force. Thus, *Pennsylvania Electric* is inapposite. Claimant admitted that she did not have the qualifications for the job type she wanted with Employer and, as in *Wincek*, offered no evidence of any effort to join the local labor market by searching for jobs outside of Employer or to even make it known to the labor market that she was available to work.

The record evidence reflects that Claimant first restricted her availability by limiting her work to daytime positions due to migraines. She further restricted her availability when, as the UCBR found, despite her doctor's release with no work restrictions, she refused caregiving positions because she was not fully healed or ready to return to work in a caregiver position. Claimant expounded that "having fibromyalgia and migraines and arthritis, [she] didn't want to move into a direct care position again, in a home that would have a lot of moving and lifting." R.R. at 9a. Claimant again restricted her availability by strictly limiting her search to office jobs with Employer. Importantly, Claimant sought such office jobs **only** with Employer, and **only** those office jobs she desired, notwithstanding that she lacked the necessary qualifications. Claimant admitted: "whenever I looked at a position . . . , my experiences . . . weren't at a certain level of experience or [] it required a bachelor's [degree] and so, I never felt that I could apply and get offered an interview. So, I wouldn't apply." R.R. at 11a. Despite the fact that it was Claimant's burden to offer evidence to establish she was available for work, she presented no evidence regarding Employer's other available office positions or those office positions for which she was qualified. Claimant only testified to those positions **she wanted** and for which she was **not** qualified.

---

at 2, Finding of Fact 7 (emphasis added). Claimant's statements reveal that not all of Employer's office positions required a bachelor's degree, but simply those office positions she **desired**.

8

By limiting her job search only to certain office positions with Employer, despite knowing she did not qualify for those positions, Claimant effectively hid her availability from the local labor market and imposed conditions "so restrictive as to preclude a reasonable opportunity for employment." *Sorace v. Unemployment Comp. Bd. of Review*, 437 A.2d 1316, 1318 (Pa. Cmwlth. 1981). Having placed such significant restrictions on her availability, Claimant failed to show "that there are jobs available that [s]he would be able to perform and **that these same jobs are reasonably available to [her]**." *McCall*, slip op. at 8 (emphasis added). There is simply no substantial evidence that Claimant was "realistically attached to the local labor market." *Wincek*, 439 A.2d at 893. Thus, Claimant did not satisfy her burden of proving she was available for suitable work. Accordingly, the UCBR erred by concluding that Claimant was not disqualified from receiving UC benefits under Section 401(d)(1) of the Law.[10]

For all of the above reasons, the UCBR's order is reversed.

_____
ANNE E. COVEY, Judge

---

[10] Because Claimant is disqualified from receiving UC benefits under Section 401(d)(1) of the Law, the Court need not address Employer's argument concerning Claimant's disqualification under Section 402(b) of the Law.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Friendship Community, Inc.,  :
       Petitioner :
          :
    v.      :
          :
Unemployment Compensation :
Board of Review,     :   No. 1553 C.D. 2019
       Respondent :

# O R D E R

AND NOW, this 11th day of September, 2020, the Unemployment Compensation Board of Review's October 8, 2019 order is reversed.

_____
ANNE E. COVEY, Judge