# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Solmaria Laboy-White,
            Petitioner

v.

       No. 692 C.D. 2022
       Submitted: April 28, 2023

Unemployment Compensation
Board of Review,
            Respondent

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                   FILED: August 31, 2023

Solmaria Laboy-White (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board). The Board determined that Claimant was ineligible for unemployment benefits under Section 401(d)(1) of the Unemployment Compensation Law (the Law).[1] After careful review, we affirm.

## I. BACKGROUND[2]

Claimant was employed as a direct care worker for Patriot Home Care (Employer) from May 2018 through November 2021. Following the birth of her twins, Claimant resigned her position to care for them. Claimant declined Employer's offer of on-call work.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

[2] We adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 5/2/22.

Claimant filed for unemployment benefits, which the UC Service Center denied. Following a hearing, a Referee agreed that Claimant was ineligible. Upon further appeal, the Board affirmed, concluding that Claimant was ineligible under Section 401(d)(1) of the Law.[3] In so doing, the Board specifically resolved a testimonial dispute in favor of Employer.

Claimant timely petitioned this Court for review.

## II. ISSUE

Essentially, Claimant challenges the Board's denial of her application for unemployment benefits. *See generally* Claimant's Br. at 1-12. Although her arguments lack development and are difficult to parse, Claimant specifically rejects Employer's evidence that it had offered Claimant on-call work following the birth of her twins.[4, 5] *Id.* at 8-9.

---

[3] Section 401(d)(1) provides that, to be eligible for compensation, an employee must be "able to work and available for suitable work." 43 P.S. § 801(d)(1).

[4] The Board contends that Claimant waived all arguments on appeal due to her failure to develop them in her brief. *See* Bd.'s Br. at 5. Claimant's brief is inadequate: she cites no case law and does not develop a legal argument. Accordingly, she risks waiver. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that failure to develop issue in appellate brief results in waiver); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver."). Nevertheless, because we are generally inclined to construe *pro se* filings liberally, we decline to find waiver in this case. *See, e.g.*, *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425-29 (Pa. Cmwlth. 2012).

[5] Claimant also contends that she either filed an additional claim for unemployment or an additional appeal, which was first denied for fraud, and then approved for 52 weeks of unemployment benefits. *See* Claimant's Br. at 1, 4-5. The certified record does not contain either of these determinations and accordingly, we may not consider them in our disposition of this appeal. *See City of Pittsburgh Comm'n on Hum. Rels. v. DeFelice*, 782 A.2d 586, 593 n. 10 (Pa. Cmwlth. 2001) (noting that appellate court is limited to considering only those facts that have been duly certified in the record on appeal and, for purposes of appellate review, that which is not part of the certified record does not exist).

## III. DISCUSSION[6]

To be eligible for unemployment benefits, Section 401(d)(1) provides that an employee must be "able to work and available for suitable work." 43 P.S. § 801(d)(1). The burden of proving availability for suitable work is on the claimant, and a claimant who registers for unemployment is presumed to be able and available for work. *See Rohde*, 28 A.3d at 243 (citations omitted).

The presumption is rebuttable by evidence that a claimant's physical condition limits the type of work she is able to accept, or that she has voluntarily placed other restrictions on the type of job she is willing to accept. *See id.* Once the presumption is rebutted, the burden shifts to the claimant to produce evidence that she is able to do some type of work and that there is a reasonable opportunity for securing such work. *See Winchek v. Unemployment Comp. Bd. of Rev.*, 439 A.2d 890, 892 (Pa. Cmwlth. 1982). "The real question is whether [the c]laimant has imposed conditions on [her] employment which so limit [her] availability as to effectively remove [her] from the labor market." *Harwood v. Unemployment Comp. Bd. of Rev.*, 531 A.2d 823, 826 (Pa. Cmwlth. 1987).

Additionally, in an unemployment matter, "the Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight" as well as to "resolve conflicts in the evidence." *See Rohde*, 28 A.3d at 242.

---

[6] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Rose Tree Media Sch. Dist. v. Unemployment Comp. Bd. of Rev.*, 280 A.3d 1125, 1127 n.4 (Pa. Cmwlth. 2022). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 242 (Pa. Cmwlth. 2011).

At the hearing in this matter, Claimant conceded that she had very limited work availability because she was caring for her newborn twins. Notes of Testimony (N.T.) Hr'g, 1/26/22, at 8, 9. Nevertheless, she insisted that she remained available to work two to three hours per day in the evening. *Id.* at 9. For its part, Employer presented testimony that it had offered Claimant on-call work to accommodate her availability. *See id.* at 10-11. According to Employer, Claimant declined this offer.[7] *Id.*

The Board resolved this conflict in Employer's favor, crediting Employer's testimony and thus concluding that Claimant was not able and available for work. *See* Bd.'s Decision at 1-2. Moreover, the Board specifically rejected Claimant's testimony that she was available for limited work in the evenings. *Id.* at 2.

As there is substantial evidence supporting the Board's findings, we decline to disturb those findings on appeal. *See Rohde*, 28 A.3d at 242. Further, we discern no legal error in the Board's conclusion that Claimant was ineligible for unemployment benefits. The credited evidence from Employer rebutted the presumption that Claimant was available for suitable work. *See id.* at 243. Because Claimant declined Employer's offer of on-call work, Claimant effectively removed herself from the labor market. *See Harwood*, 531 A.2d at 826. Accordingly, we affirm the Board.[8]

<br>

LORI A. DUMAS, Judge

---

[7] Claimant also declined unpaid leave pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601, 2611-2620, 2631-2636, 2651-2654. N.T. Hr'g at 10.

[8] As the Board noted, Section 401(d)(1) of the Law is week-to-week. *See* Bd.'s Decision at 2 (citing 43 P.S. § 801(d)(1)). Claimant may reapply for benefits when she re-enters the labor market.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Solmaria Laboy-White,                    :
                    Petitioner           :
                                         :
        v.                               :    No. 692 C.D. 2022
                                         :
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :

# **O R D E R**

AND NOW, this 31st day of August, 2023, the order of the Unemployment Compensation Board of Review, entered May 2, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge