**LOWE BROS., INC., Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD et al., Appellees.**

Superior Court of Delaware,
New Castle.

Jan. 30, 1974.

Doris M. Toll, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Jay H. Conner and Harvey B. Rubenstein, Wilmington, for appellees.

## OPINION

BUSH, Judge.

Appellant, Lowe Bros., Inc., appeals decision of the Unemployment Insurance Appeal Board holding that claimants are eligible for unemployment benefits.

Claimants are employees of Lowe Bros., a construction subcontractor, and members of, or working on permit out of, the Lathers Union. Claimants were formerly employed at three separate construction sites. During the course of the construction work, other trade unions went on strike. Claimants were not members of any striking unions and were not on strike against Lowe or any other contractor. No labor dispute existed between claimants and Lowe or between claimants and any other contractor. The Lathers Union as well as other striking craft union locals are associated through the Building and Construction Trades Council of Delaware, (BCTC), which holds no general collective bargaining rights, and thus, is not a multi-unit bargaining agent nor can it bind any union in a collective bargaining matter although its general purpose is to protect the interests of its members. After some of the other union locals went on strike in June, 1971, claimants were laid off when their work could not be continued due to the subsequent curtailment of construction.

In his determination that claimants were entitled to unemployment benefits, the referee cited as controlling the case of Emrick v. Unemployment Compensation Commission, 3 Storey 561, 173 A.2d 743 (Del.Super. 1961). In that decision, under similar factual circumstances, this Court held that although Sec. 3315(4), Title 19 of the Delaware Code provides that unemployment benefits are not to be paid for a "stoppage of work which exists because of a labor dispute" at the last place of employment, a labor dispute is only an indirect cause where the claimants have no "interest in the dispute, who have nothing to gain or lose from its outcome, and who have not directly, or indirectly participated in it . . ." In reaching its decision, the Court held that such enactments were to be interpreted liberally in favor of the worker. Further, Section 3301 was cited as requiring that the enactment be implemented for the "benefit of persons unemployed through no fault of their own."

Appellant urges that this Court set aside the decision of the Appeal Board citing two alternative bases therefor: (1) Apply-

ing the rule of *Emrick*, there is sufficient evidence to hold that claimants had sufficient interest in the outcome of the labor dispute, or alternatively, (2) no interest need be shown and the *Emrick* case should be overruled.

In support of its first contention, appellant urges that the current integration of construction industry practices and procedures and the interdependence of the various crafts dictate a finding that wage structures are so interrelated so as to make claimants directly interested in the outcome of a labor dispute being carried on by other craft unions. The same proposition was urged upon the referee below. Nevertheless, it was specifically held that there was no connection between claimants' union and striking unions. It was also held that appellant had failed to present sufficient evidence that the pattern of wage increases for all crafts was the result of a combined cooperative effort so as to merit reconsideration of the holding in *Emrick*.

■■■ The Board of Appeal affirmed the findings of the referee. Its findings of fact are conclusive unless the result of fraud or if not supported by the evidence. (Sec. 3323, Title 19, Delaware Code) A review of the record fails to show that either condition exists in the present case. Accordingly, I do not find a sufficient factual basis to hold that claimants' unemployment was the direct result of a labor dispute using the criteria set out by this Court in the *Emrick* case.

In the alternative, appellant rather generally attacks the *Emrick* case as an improper interpretation of the subject statutory provision thus requiring the decision to be overruled. Despite such assertions, it is clear that the subject case has never previously been overruled nor has the legislative branch sought to alter the interpretations contained therein. Furthermore, the Delaware Supreme Court has cited with approval *Emrick's* holding that persons should not be denied unemployment benefits unless the act demonstrates fairly an intent to make such an exclusion. E. I.

DuPont De Nemours and Co. v. Dale, 271 A.2d 35 (Del.1970).

Finally, although not specifically stated in appellant's brief, it should also be noted that the Emrick ruling had been challenged below as no longer valid in light of current construction trade practices. Nevertheless, the record fails to contain evidence that the present claimants had any more actual control over the labor dispute and their consequent unemployment than the claimants cited over a decade earlier. To the contrary, there is evidence that the basic methods of negotiation have not changed since 1961.

In view of all the circumstances cited, I find that the *Emrick* case remains a correct statement of the law and should be followed. Thus, I find claimants' unemployment to be the direct result of a lack of work.

The decision of the Unemployment Insurance Board is affirmed.

It is so ordered.