Frances Bouselli, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Argued March 8, 1979, before Judges CRUMLISH,
JR., BLATT and CRAIG, sitting as a panel of three.

*Richard S. Campagna,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 25, 1979:

Voluntary termination of employment without necessitous and compelling reason[1] and unavailability[2] for work were the basis for denial of unemployment compensation benefits by the Bureau of Employment Security. On appeal, a referee found no voluntary termination but did hold claimant unavailable for work within the meaning of Section 401(d) of the Unemployment Compensation Law (Law).[3] The unemployment Compensation Board of Review (Board) affirmed the referee without hearing new evidence, thus denying benefits. We affirm.

Frances Bouselli, on her doctor's advice, obtained a maternity leave of absence[4] from her employment to expire after the birth of her child when she was expected to return as a full time hairdresser.

Unavailability for work based on the referee's finding that Bouselli was not "realistically attached to the labor force" is the issue before us.

For the reader who has not had the benefit of our repeated pronouncements, we say again that when the decision of the Board is against the party having the burden of proof, the reviewing court in the absence of an error of law or a showing of fraud merely deter-

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) (hereinafter cited as Law).

[2] Section 401(d) of the Law, 43 P.S. §801(d).

[3] *See* note 2, supra.

[4] Bouselli was three months pregnant at the time she requested a leave of absence.

mines whether the findings of fact are consistent with each other and with the conclusion of law and whether the order can be sustained free of capricious disregard of competent evidence. The applicant for unemployment compensation benefits must prove availability. Mere registration for work with the agency establishes a prima facie case, however, it is rebuttable. *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). The availability to accept suitable .employment is largely one of fact for the Board's determination. *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). To be considered available for work, a claimant must be currently attached to the labor force. *Patsy, supra.*

In the record, there are two medical reports of Bouselli's ability to work: (1) a Bureau certification form executed by her physician dated June 1, 1977, indicating that Bouselli was unable to accept gainful employment as of May 29, 1977 and that he was at that time uncertain as to when she would be available for gainful employment; and (2) a note by the same physician that in his opinion Bouselli was able to work during her pregnancy, subject, however, to a change in her regular duties to avoid possible harmful medical effects.[5]

This development, that Bouselli could in fact work, was presented for the first time at the referee's hearing, undated and without any indication of its timeliness with relation to the opinion given on the Bureau certification form. Moreover, it contained no explanation of why the physician's medical opinion had changed and no admission by the physician that an

---

[5] The note indicated that Bouselli was able to work during pregnancy, but recommended that she not work in her present profession because of the long hours she would be required to stand and the chemicals she would inhale, both of which would be harmful.

error had been made. Bouselli's explanation of the physician's conflicting opinions is hearsay and not competent evidence. It is now legal truism that the fact finder is the sole judge of the merits of divergent evidentiary conflicts and credibility. Further, even un-contradicted evidence is not infallible if the fact finder so dictates. If the referee, as he did here, chooses to give weight to the medical opinion expressed in the Bureau certification form, so be it. We find no capricious disregard of evidence nor is there here to be found an abuse of discretion.

Accordingly, we

### ORDER

AND Now, this 25th day of June, 1979, the order of the Unemployment Compensation Board of Review dismissing Petitioner's claim for benefits is affirmed.