**Mercedes PETTY, Petitioner Below, Appellant,**

v.

**UNIVERSITY OF DELAWARE and the Unemployment Insurance Appeal Board, Respondents Below, Appellees.**

Supreme Court of Delaware.

Submitted: May 13, 1982.

Decided: Aug. 31, 1982.

Douglas A. Shachtman (argued), Wilmington, for appellant.

Anthony W. Clark (argued) and Carolyn Berger of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for appellees.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice:

This appeal concerns whether an administrative board correctly determined that claimant-appellant was ineligible for unemployment compensation benefits because she was not "able to work" and "available for work" within the meaning of the Delaware Unemployment Compensation Law, 19 *Del.C.*, Chapter 33.

Mercedes Petty, in her second month of pregnancy and while in the employ of the University of Delaware, experienced bleeding problems associated with her pregnancy. This resulted in her physician's advising her not to "lift, climb or stand for prolonged periods." Her doctor confirmed these restrictions on her activities in a letter to the University in which the doctor stated, "[i]f the above conditions are involved in her job, I would recommend that she be moved to another department."

Ms. Petty's employment with the University consisted of custodial work. Her job classification required her to perform "heavy cleaning tasks" ranging from sweeping, vacuuming and window washing to moving furniture and handling bulk trash. Ms. Petty had been so employed for six years.

The University determined that Ms. Petty could not continue in her custodial work and that determination is not questioned. Ms. Petty asked if there were not some other work available for her at the University; but the University also determined that, given her medical restrictions, there was no other position available for which she was qualified. The University then placed Ms. Petty on a maternity leave of absence for the duration of her doctor's medical restrictions. Her leave was without pay (although certain of her employment benefits were continued) and, upon termination of her medical restrictions, Ms. Petty could return to work. She then applied for State unemployment compensation benefits.

Ms. Petty's application was initially denied by a claims officer, later approved by a referee, and finally denied by the Delaware Unemployment Insurance Appeal Board. The Board ruled that Ms. Petty was "not able to perform any job for which she was qualified and [thus] is ineligible for benefits until her medical restrictions are lifted." The Board's ruling was based on its construction of 19 *Del.C.* § 3314(3), which provides in pertinent part:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that he:

\*      \*      \*      \*      \*      \*

(3) Is able to work, and is available for work, and is actively seeking work. . . ."

On appeal by Ms. Petty, Superior Court affirmed. The Court found the Board's ruling to be supported by substantial evidence and not erroneous as a matter of law.

On appeal to this Court claimant Petty again raises the same four issues appealed to Superior Court: (1) that there was no substantial evidence to support the Board's finding that her pregnancy rendered her unable to perform any job function for which she was qualified; (2) that the Board and Superior Court erred in failing to construe liberally the unemployment compensation law in her favor; (3) that the Superior Court erred in allowing the Board to consider its experience and expertise in cases of this nature; and (4) that the Board and Superior Court too narrowly defined the job market for which she qualified. We affirm for the reasons that follow.

I

The central issue, of course, is whether claimant, concededly unable to work as a custodian, was otherwise "able to work" and "available to work" during her remaining six months of pregnancy so as to be eligible for unemployment benefits under § 3314(3). We conclude that there was substantial evidence to support the Board's ultimate finding: that due to Ms. Petty's medical condition, she was "not able to perform any job for which she was qualified" by her training and experience.

■ The two quoted statutory terms, "able to work" and "available to work", though complementary, are not synonymous. Each has a separate meaning and must be satisfied for the award of benefits. *Johnston v. Chrysler Corp.,* Del.Supr., 178 A.2d 459 (1962). Moreover, "[t]he burden is on the claimant to establish his [or her] right to unemployment compensation." *O'Neal's Bus Service, Inc. v. Employment Security Commission,* Del.Super., 269 A.2d 247, 249 (1970); *see also, Ridings v. Unemployment Ins. Appeal Bd.,* Del.Super., 407 A.2d 238 (1979).

An individual seeking unemployment benefits is "available" for work within the meaning of § 3314(3) only to the extent that she is willing, able and ready to accept employment which she has no good cause to refuse, that is, she is genuinely attached to the labor market. *Ashmore v. Unemployment Compensation Commission,* Del.Super., 86 A.2d 751 (1952); *Harper v. Unemployment Insurance Appeal Board,* Del.Super., 293 A.2d 813 (1972). Superior Court correctly stated:

"The determination of 'availability' for unemployment compensation purposes is a subjective one [in the sense that] the ability of a particular employee to secure work must be measured by the skill of that employee in an identifiable labor market. *Harper v. Unemployment Insurance Appeal Board,* Del.Super., 293 A.2d 813 (1972). In the case of pregnancy, an employee is available for work only to the extent that the conditions of her pregnancy do not present a medical barrier to the discharge of those duties for which she is trained and suited. *Bouselli v. Com., Unemployment Comp. Bd., Etc.,* Pa.Cmwlth. [43 Pa.Cmwlth. 541], 402 A.2d 729 (1979); *Dorsey v. Com., Unemployment Comp. Bd., Etc.,* Pa.Cmwlth. [41 Pa.Cmwlth. 479], 399 A.2d 809 (1979); See Annot., 51 A.L.R.3d 254 (1973)." *Petty v. University of Delaware,* No. 81A–MR–3, decided December 22, 1981 (unreported opinion).

■ As so defined, the term "availability" for employment incorporates both the requirement of ability to work and qualification through skill, training or experience for a particular occupation, commonly expressed in terms of "an identifiable labor market." *Harper v. Unemployment Insurance Appeal Board, supra.*

■ From the evidence before it, the Board found claimant to be an employee who "due to physical condition, was unable to perform her normal job functions [because she was] prohibited from doing her normal job by her doctor." The Board also found that claimant lacked "training to do any type of secretarial work." Further, the

Board, implicitly relying on its experience and expertise in cases of this nature, reasoned, "[w]e can think of no job for which claimant was qualifed which would eliminate standing for a prolonged period." From this, the Board concluded that "claimant, due to her physical condition, was simply not able, within the meaning of [19 *Del.C.* § 3314(3)] to perform any job function."

The Board's decision reflects understanding as well as proper application of the statutory requirements of § 3314(3) as defined in *Ashmore* and *Harper*. The Board properly focused on claimant's physical limitations due to her pregnancy illness, her education, training and experience and the labor market that was available for a person possessing her attributes. Clearly there was substantial evidence to support the Board's finding that claimant's lack of training or job experience with typing or shorthand effectively foreclosed her from "any type of secretarial work." Claimant's only testimony of experience in clerical-type work was that she had spent six months some time in the past as a bookstore clerk; and she acknowledged that such work required lifting and standing for lengthy periods of time. Hence, the Board's findings of fact outlined above being clearly supported by substantial evidence, must be deemed "conclusive" and be affirmed. 19 *Del.C.* § 3323(a).[1] *Lowe Bros., Inc. v. Unemployment Insurance Appeal Board,* Del.Super., 316 A.2d 568 (1974), *aff'd,* Del.Supr., 332 A.2d 150 (1975).

■ Claimant seeks to enlarge the record on appeal by offering evidence as to her educational background, vocational experience, and alternative job openings in the labor market referred to in certain publications. Unfortunately, claimant is bound by the record of the administrative hearing. *See, Haskon, Inc. v. Coleman,* Del.Super., 310 A.2d 657 (1973); 29 *Del.C.* § 10142(d).

## II

■ Claimant begs the question when she asserts that the Board and the Superior Court failed to construe the unemployment compensation law liberally in her favor. As the University correctly notes:

"[I]t is that very requirement of liberal construction which led to the definition of 'available for work' which Chief Justice, then—Judge Herrmann, adopted in *Ashmore v. Unemployment Compensation Commission,* supra. This liberal construction was explicitly applied by the Superior Court below ... and is implicit in the Board's opinion."

## III

There is no merit to claimant's contention that Superior Court erred in acknowledging the Board's "experience and expertise" in evaluating the evidence before it. 29 *Del.C.* § 10142(d). Indeed, it was entirely proper for Superior Court to defer to the Board's decision in light of the substantial evidence to support the Board's finding. *See, Olney v. Cooch,* Del.Supr., 425 A.2d 610 (1981).

## IV

■ We find no merit to claimant's contention that the Board committed reversible error by unduly narrowing the job market for which claimant should have been considered to the University rather than the general labor market. We base this conclusion not only upon a fair reading of the Board's findings but also upon an examination of the transcript.

Finally, claimant makes a related argument that Superior Court committed legal error in too narrowly defining claimant's available labor market by stating that Ms. Petty had "become identified with a portion of the labor market which requires significant physical exertion." What the Court stated concerning claimant's availability for

---

1. 19 *Del.C.* § 3323(a) provides *in pertinent part:*

"* * * In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board *as to the facts, if* supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."

work in terms of the labor market was as follows:

"But, again, the claimant's medical limitations may be considered to the extent her occupational experience indicates that she has become identified with a portion of the labor market which requires significant physical exertion. With the exception of a limited typing ability, all of claimant's experience and aptitude has been in jobs requiring lifting, bending and prolonged standing."

The Court's statement in context was clearly appropriate and not legal error. Since claimant presented no evidence of other job skills beyond that recounted by the Court, the Court's conclusions are both factually and legally correct.

\* \* \*

Affirmed.