509 A.2d 1383

Hower and Son, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 23, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Michael A. Filingo, Zito, Martino and Karasek,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, May 29, 1986:

This is an appeal by Hower and Son (employer) of an order of the Unemployment Compensation Board of Review (Board) granting benefits to employer's former truck driver, Terry Fritz (claimant), under Section 401(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The claimant suffered a seizure at work on September 10, 1983, and another the same day, shortly thereafter, at Easton Hospital. He was subsequently advised by his doctor to leave his place of employment and refrain from engaging in similar employment activity for at least one year. He did return to work for two weeks at the employer's request to assist in training his replacement. The exact reason for his departure from the employer is in dispute. The Board found that the claimant informed the employer of his restriction but the employer had no work available to the claimant and that the claimant was then discharged. The Board also found

that the claimant was able and available for work under Section 401(d)(1).[1]

Since the claimant asserts that he did not leave employment voluntarily, the burden of establishing this issue lies with him. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Our scope of review, when the party with the burden of proof prevails before the Board, is limited to whether an error of law was committed or whether necessary findings of fact are unsupported by substantial evidence. *Harris v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 260, 473 A.2d 251 (1984). The questions with which we are presented are: (1) Whether the Board's findings that the employer had no work available to the claimant within his physical limitations, that he was discharged and that he was able and available for suitable work are unsupported in the record; (2) whether the claimant is ineligible for benefits because he failed to affirmatively negotiate for an available and suitable position with the employer; (3) whether the doctor's certification was improperly admitted into evidence by the Board; and (4) whether the employer's due process right to confront the claimant was violated when the claimant failed to appear for the hearing before the referee.

We find that the disputed findings made by the Board are supported in the record by substantial evidence. In fact, the evidence presented by the employer is sufficient, standing alone, to support the Board's findings. That the employer had no work available for the claimant and was discharged is easily ascertainable

---

[1] The Board concluded that, in addition to being eligible under Section 401(d)(1) claimant was not ineligible for benefits under Section 402(e) of the Act, since being discharged for being physically unable to perform does not constitute willful misconduct.

from the employer's own testimony. Mr. Charles H. Hower admitted that the possibility of the claimant experiencing an unpredictable seizure in his shop or while driving a company vehicle created a serious safety hazard for others. He testified further that he did not believe the claimant had the mechanical skills to accept another position in the company and was, therefore, discharged during an amicable discussion between the claimant and the employer concerning the difficulties which the employer faced. Having found that the claimant was discharged for reasons other than willful misconduct, we recognize that the claimant is eligible for benefits if he establishes that he is able and available for suitable work under Section 401(d)(1). *Bouselli v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 541, 402 A.2d 729 (1979). Section 401 reads in relevant part: "Compensation shall be payable to any employe who is or becomes unemployed, and who—. . .(d)(1) Is able to work and available for suitable work." Whether one is able and available for suitable work is a question of fact unless the restriction on job availability is so untenable and illustrative of a lack of good faith as to be disqualifying as a matter of law, *Craig v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982). In *Craig*, we said that the burden to demonstrate such availability is on the claimant. This burden may be met by a showing that the claimant registered for work with the Bureau of Employment Security. *Molnar v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979). Once shown, this presumption of availability is rebuttable by evidence that the claimant's physical condition limits the type of work he is available to accept or by evidence that he has voluntarily placed other restrictions on the type of job he is willing to accept. *Molnar*

at 521, 397 A.2d at 869. Here, the Board found that the claimant was able and available for non-driving work. The only evidence offered by the employer to prove that the claimant was not able or available is the claimant's own doctor's certification. The employer misperceives the purpose of the doctor's certification and the definition of availability under Section 401(d). The doctor's certification served to prove that the claimant's physical condition restricted him from driving-related work, not that it so restricted him that he was virtually removed from the labor market. It is well recognized that:

> If the claimant, though disabled, is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of his residence, he is attached to the labor force. Quiggle Unemployment Compensation Case, 172 Pa. Super. 430, 94 A.2d 367 (1953). There is no requirement that the claimant be able to do the same work or type of work as he was formerly; it is sufficient if he is able to do some kind of work and if there is reasonable opportunity for securing such work.

*Patsy v. Unemployment Compensation Board of Review,* 21 Pa. Commonwealth Ct. 341, 344, 345 A.2d 785, 787 (1975). Since the employer offers no other evidence that the claimant was not able and available for work we must agree with the Board that the claimant has satisfied the requirements of Section 401(a)(1).

The employer argues that under Section 402(b) of the Act there is no substantial evidence to show that the claimant made an attempt to negotiate with the employer for another position. Section 402(b), however, relates only to employees who voluntarily quit. We have already determined that the Board properly determined that the claimant was discharged and that Section 401(d)(1) relating to the claimant's ability and availabili-

ty for suitable work is the applicable section. Previous cases decided under Section 401(d)(1) do not impose an affirmative duty on the claimants to negotiate for other positions within their present place of employment; rather the essential question is whether, by his actions, the claimant has removed himself from actual and current attachment to the labor force *Riff v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth 218, 414 A.2d 155 (1980). We hold that the claimant has not removed himself from the labor force. We note in passing that even claims brought under Section 402(b) require only that, in these situations, the employer be notified of the employee's medical problem. No affirmative duty to request alternate employment is imposed, especially when such an attempt would be futile. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982).

The employer argues further that the evidence used to support a finding that the claimant had necessitous and compelling cause to quit is uncorroborated hearsay and insufficient because neither the doctor whose certification was used by the claimant to prove the nature and extent of his medical problems and employment limitations nor the claimant were present at the referee's hearing to present necessary and supporting evidence. We reject this argument. Neither the referee nor the Board made a finding that the claimant had necessitous and compelling cause to leave his place of employment, Rather, it was found that he was discharged.

Finally, the employer argues that he was denied due process when the referee permitted the hearing to proceed in the absence of the claimant himself. The record reveals that the employer was advised by the referee of his right to counsel, the right to present witnesses and the right to confront the adverse parties including claimant. In addition, the employer failed to,

at any time during the referee's hearing, object to claimant's absence, request that the referee exercise his power to subpoena claimant and to demonstrate the need for claimant's presence. *Farmland Industries, Inc. v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 57, 478 A.2d 524 (1984); *Fernandes v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 79, 416 A.2d 644 (1980). Employer cannot now claim that the referee deprived him of his due process right to confront the claimant.

Accordingly, we affirm.

ORDER

Now, May 29, 1986, the order of the Unemployment Compensation Board of Review, dated February 6, 1984, at No. B-226958, is affirmed.