# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAWN M. CASE, | : | |
| | : | C.A. No: K15A-10-001 RBY |
| Appellant, | : | __In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| BAYHEALTH MEDICAL | : | |
| CENTER, INC., and | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEAL BOARD, | : | |
| | : | |
| Appellees. | : | |

Submitted: January 11, 2016
Decided: January 19, 2016

***Upon Consideration of Appellant's Appeal from
the Unemployment Insurance Appeals Board***
**AFFIRMED**

**ORDER**

Dawn Case, *pro se*.

E. Chaney Hall, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware for Appellee Bayhealth Medical Center, Inc.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Appellee Unemployment Insurance Appeal Board.

Young, J.

## SUMMARY

Dawn Case ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board ("the Board") finding that she was disqualified to receive unemployment insurance benefits. The Board found that Appellant was discharged from her employment for just cause, and therefore was disqualified to receive unemployment benefits. Because the Board's decision is supported by substantial evidence and free from legal error, the decision below is **AFFIRMED**.

## FACTS

Appellant was discharged from her position at Bayhealth Medical Center, Inc. ("Employer") on April 24, 2015 for using profanity towards a co-worker in an oral altercation on April 18, 2015. Appellant did not dispute the fact that she used profanity towards a co-worker, but asserted that her actions did not provide adequate basis for her discharge. However, Appellant indicated that she was aware of Employer's policy classifying "use of profane language directed at any internal or external customer" including a co-worker as a Category 5 offense warranting termination upon the first offense. Thus, a Claims Deputy found that Appellant had been discharged for just cause, and was disqualified from receiving unemployment benefits.

Appellant appealed the Claims Deputy's decision. In June 2015, a hearing was held before an Appeals Referee for the Board regarding the Appellant's disqualification for unemployment benefits. There, Employer's representative submitted for the record both Employer's Corrective Action policy and the Corrective Action report regarding Appellant's use of profanity. A witness for Employer also confirmed that during an investigation of the incident, multiple

2

witnesses confirmed that the incident occurred and at least one witness confirmed that Appellant had used profanity. Appellant offered testimony expressing remorse over her actions and objecting to her punishment's severity.

Following the hearing, the Appeals Referee issued a decision reversing the Claims Deputy and finding that Appellant was discharged without just cause. Therefore, Appellant was eligible to receive unemployment benefits. The Appeals Referee found "insufficient evidence of willful or wanton misconduct on the part of the Claimant" to support a discharge for just cause. The Appeals Referee did not explain how Employer's evidence was insufficient to meet its burden.

Employer appealed the Referee's decision. A Board hearing was held in August 2015. Appellant failed to appear at that hearing. A witness for Employer testified that Appellant had used profanity directed towards her. Employer's representative then reiterated that the use of profanity towards a co-worker is a violation of company policy which results in discharge upon the first offense.

The Board found that Employer had a policy regarding profanity. Further, the Board recognized that Employer's policy "indicates that a Category 4, first offense will result in discharge." Finally, the Board found that Appellant was aware of the policy and violated it by cursing at her co-worker during the verbal altercation. Therefore, the Board reversed the decision of the Appeals Referee, holding that Appellant was discharged for just cause and disqualified from receiving unemployment benefits accordingly.

Appellant filed an appeal with this Court in October 2015. Appellant stated the following grounds for appeal: 1) the circumstances surrounding the oral altercation were misunderstood or ignored by Employer and the Board; 2) a

supporting statement from a co-worker further explaining the circumstances was omitted from the record; 3) the co-worker involved in the dispute lied in her testimony to the Board; and 4) the punishment for Appellant's violation of Employer's policy was too harsh given the quality and length of her employment record.

In Appellant's Opening Brief, she restated her version of the facts. Appellant reiterated that she felt the circumstances of the co-worker altercation, in combination with her prior work history, merited more consideration rather than a discharge for just cause. The Board declined to file an Answering Brief. Employer filed an Answering Brief repeating its position that Appellant was discharged for just cause.

## STANDARD OF REVIEW

An appeal from an administrative board's final order to this Court is restricted to a determination of whether the Board's decision is free from legal error and supported by substantial evidence.[1] "In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below."[2] "The Court does not weigh the evidence, determine credibility or make its own factual findings."[3] Questions of law are

---

[1] 29 *Del. C.* § 10142(d); *Wilson v. Breakers Hotel & Suites*, 2010 WL 2562214 (Del. Super. June 24, 2010).

[2] *Pochvatilla v. U.S. Postal Service*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997).

[3] *Bd. of Educ. of Capital Sch. Dist. v. Johns*, 2002 WL 471175, at *2 (Del. Super. Mar. 27, 2002).

reviewed *de novo*.[4]

## DISCUSSION

Here, the first three grounds for appeal are not relevant to this Court's determination. The circumstances of the oral altercation between Appellant and her co-worker were entered into the record through the testimony of witnesses at two prior proceedings. The Board weighed the evidence, determined witness credibility, and made a factual finding that Appellant was disqualified from receiving unemployment benefits. Because the Court's review on appeal is limited to the record, the additional co-worker statement is not a proper consideration of this Court.[5]

However, questions of law are reviewed *de novo*.[6] Whether Employer has met its burden of proof under the preponderance standard is a question of law. The single issue in this case is whether Appellant was discharged for just cause. The Board reversed the decision of the Appeals Referee, reaching an opposite conclusion on the issue. The Board's decision was free from legal error and supported by substantial evidence.

Both decisions below were based upon applications of 19 *Del. C.* § 3314(2), which states in relevant part that an individual shall be disqualified for unemployment benefits "for the week in which the individual was discharged from

---

[4] *Am. Fed'n of State, County and Mun. Employees, Council 81 v. State Pub. Employees Relations Bd.*, 2011 WL 2176113 (Del. Super. May 25, 2011).

[5] 29 *Del. C.* § 10142(d); *Petty v. Univ. of Del.*, 450 A.2d 392, 396 (Del. Super. Aug. 31, 1982).

[6] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

the individual's work for just cause in connection with the individual's work..."

This Court has explained:

> In a [discharge] situation, the employer has the burden of proving just cause. Employee performance and conduct is highly relevant in assessing just cause. Absent evidence to the contrary, an employer necessarily sets the standard for acceptable workplace conduct and performance. Just cause refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct.[7]

This Court has defined wilful and wanton conduct as "that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance; it is unnecessary that it be founded in bad motive or malice."[8]

Therefore, "[v]iolation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination."[9] The employer need not demonstrate a recurring offense; rather, "[j]ust cause can result from an isolated act by an employee that shows contempt for the acceptable procedures of the employer."[10]

This Court uses a two-step analysis to evaluate whether a violation of an employer's policy would support a just cause discharge: "1) whether a policy

---

[7] *MRPC Fin. Mgmt. LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. June 20, 2003) (internal quotation marks omitted).

[8] *Id.*

[9] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 27, 2011).

[10] *Edgemoor Cmty. Ctr. v. Black*, 2011 WL 7457651, at *3 (Del. Super. Oct. 25, 2011).

existed, and if so, what conduct was prohibited, and 2) whether the employee was apprised of the policy, and if so, how was he made aware."[11] Enforceable notice may be established by "evidence of a written policy, such as an employees' handbook...."[12]

Here, Employer's existing policy prohibited the use of profanity towards co-workers. Appellant confirmed that she was aware of the policy. Furthermore, Appellant admitted that she violated the policy by cursing at a co-worker during a oral altercation. Based on this evidence, the Board found that Appellant was discharged for just cause. The Board's findings are supported by substantial evidence and free from legal error.

## CONCLUSION

For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
cc:   Counsel
      Ms. Dawn Case (via U.S. Mail)
      Opinion Distribution

---

[11] *Wilson*, 2011 WL 3243366, at *2.

[12] *Id.*

7