IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth J. Petri,                :
                                  : No. 1659 C.D. 2015
               Petitioner    : Submitted: January 29, 2016
                                  :
          v.                  :
                                  :
Unemployment Compensation   :
Board of Review,             :
                                  :
            Respondent   :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: April 20, 2016


Kenneth J. Petri (Claimant) petitions *pro se* for review of the August 10, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination and held that Claimant was ineligible for benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1). Section 401(d)(1) provides that "compensation shall be payable to any employe who is or becomes unemployed, and who … [i]s able to work and available for suitable work …" 43 P.S. § 801(d)(1).

Claimant was last employed as a full-time scientist by Engility (Employer) from October 4, 2004 until October 20, 2013, at a final annual salary of $199,000. Claimant suffers from inclusion body myositis (IBM), an idiopathic inflammatory disease resulting in progressive weakness of certain muscle groups, for which there is no definitive treatment. Claimant's medical condition limits his ability to stand and walk; he uses a walker, cannot walk more than twenty feet, and is prone to falling. Claimant took a medical leave of absence on October 20, 2013. Claimant had open heart surgery on October 23, 2013 and continued on a medical leave of absence.

On October 27, 2014, Employer sent Claimant a letter advising that he needed to provide a return-to-work notice by November 27, 2014. Claimant did not comply with Employer's instructions, and Employer terminated his employment.

On February 6, 2015, the local service center determined that Claimant had a necessitous and compelling reason for leaving his job and that benefits were allowed under Section 402(b) of the Law, 43 P.S. §802(b). However, the local service center also determined that Claimant failed to show that he was able and available for suitable employment and denied benefits under Section 401(d)(1). Claimant appealed.

A referee held a hearing on March 26, 2015. Jennifer Weigle, Employer's Human Resource Generalist, testified that Claimant left employment for a medical reason. Weigle explained that according to Employer's policy, Claimant could remain on medical leave for up to one year. She stated that Employer asked for but never received a return-to-work authorization from any of Claimant's doctors, and Claimant never asked to return to work with limitations or accommodations. Weigle also stated that continuing work was available; however,

she added that the type of work Claimant performed was sensitive in nature and could not be performed at home. (Notes of Testimony (N.T.), March 26, 2015, at 4-5). Claimant did not attend the hearing.

Based on the testimony offered at the hearing and the documents of record, the referee determined that Claimant was not ineligible for benefits under Section 402(b) of the Law but was ineligible for compensation under Section 401(d)(1). Claimant appealed to the Board, which remanded the matter to a referee to act as a hearing officer for the Board and accept testimony and evidence on Claimant's reason for nonappearance at the prior hearing and also on the merits. On July 2, 2015, a second hearing was held in which Claimant, with counsel, and Employer both participated by telephone. Claimant testified that he had made plans to attend the first hearing but he was unable to navigate the stairs at his house that day due to his IBM condition. (N.T., July 2, 2015, at 4-6). Claimant explained that his IBM condition allowed him to walk slowly with the aid of a walker but that he was prone to falling if he moved too fast and he could not walk more than ten to twenty feet. (*Id*. at 6). Claimant said he believed that it was too late to participate by telephone. (*Id*.).

Regarding the merits, Claimant testified that he suffered from IBM and was using a cane prior to October 2013, when he left his employment to have open-heart surgery. (*Id*. at 6-7). He stated that he applied for short-term and long-term disability benefits and that he intended to return to work after the disability period. (*Id*. at 7). At the time of Claimant's termination, he was still on disability leave. (*Id*. at 10).

Claimant testified that he generally worked for Employer at the Naval Air Systems Command (NASC) in Patuxent River, Maryland, and that he never

3

asked to work remotely. (*Id.* at 7-8). Claimant said that after he received Employer's letter about his impending termination, he contacted NASC and learned that he would have to go through the NASC funding source process and find a contract vehicle under which he could work from home. (*Id*. at 8). At the time of his termination, he did not have a contract vehicle. *(Id*. at 9).

Claimant stated that after his termination, he talked to a number of people and another small company at the same NASC location, but a contract vehicle had not been set up. Claimant believed that there was work that he could do from his residence, but it would require him to obtain a naval marine computer integration system, which he had not done. (*Id*. at 9).

Weigle testified again at the second hearing. She stated that Claimant never provided Employer with a return-to-work request as required under Employer's policy, nor did he ask about the possibility of working from home. (*Id*. at 11).

In its opinion and order of August 10, 2015, the Board found that Claimant had good cause for his nonappearance at the first hearing; therefore, it considered testimony from both hearings, as well as the other evidence of record. The Board found that Claimant took a medical leave of absence from work due to open heart surgery and deterioration of his muscle tone. The Board also found that Employer terminated Claimant's employment because Claimant was out of work for a period of one year and did not provide Employer with a return-to-work notice. The Board concluded that Claimant established necessitous and compelling reasons for leaving his employment and was not ineligible for benefits under Section 402(b) of the Law. However, the Board determined that Claimant was

4

disqualified from receiving benefits under Section 401(d)(1) because he did not credibly establish a realistic attachment to the job market.

On appeal to this Court,[2] Claimant argues that the Board erred in determining that he was ineligible for benefits under Section 401(d)(1) because he is able and available for suitable work.

In order to be eligible for unemployment benefits under Section 401(d)(1), the claimant must show that he is able and available for suitable work. *Rohde v. Unemployment Compensation Board of Review,* 28 A.3d 237, 243 (Pa. Cmwlth. 2011). The claimant creates a rebuttable presumption of availability by registering for unemployment compensation benefits. *GTE Products Corporation v. Unemployment Compensation Board of Review,* 596 A.2d 1172, 1173 (Pa. Cmwlth. 1991). The presumption is rebuttable by evidence that the claimant's disability or medical condition limits the type of work he is able to accept. *Scardina v. Unemployment Compensation Board of Review,* 537 A.2d 388, 390 (Pa. Cmwlth. 1988). If the employer rebuts the presumption then the burden shifts back to the claimant to prove that he is able to do some type of work and that he has a reasonable opportunity of obtaining such work. *Molnar v. Unemployment Compensation Board of Review,* 397 A.2d 869, 870 (Pa. Cmwlth. 1979). "The real question is whether Claimant has imposed conditions on his employment which so limit his availability as to effectively remove him from the labor market." *Harwood v. Unemployment Compensation Board of Review,* 531 A.2d 823, 826 (Pa. Cmwlth. 1987).

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Schneider v. Unemployment Compensation Board of Review,* 12 A.3d 754, 756 n.1 (Pa. Cmwlth. 2010).

In *Rohde*, the claimant underwent cardiac catheterization and was required to attend cardiac rehabilitation four or five days a week. The employer would not allow the claimant to modify his schedule to attend therapy and the claimant quit. The claimant continued working a part-time job and obtained a new job approximately two weeks later. The Board determined that the claimant was ineligible for benefits under Section 401(d)(1), because his medical appointments restricted the hours he was available to work. On appeal, we reversed and held that the claimant's actual employment was sufficient evidence that he was both able and available for work for purposes of Section 401(d)(1) of the Law. *Rohde*, 28 A.3d at 243-245.

In *Molnar,* the claimant suffered from severe allergies to dust. His condition worsened to the point that his doctor advised him to leave his employment because of dust exposure. The employer granted the claimant a one year leave of absence. Because the claimant's condition did not improve to the point that he could return to work, the employer terminated him. When asked whether any jobs existed that he could perform with his limitations, the claimant testified that he might be qualified to be a drafter or office worker, but he offered no evidence that such jobs were available. We affirmed the Board's determination that the claimant was ineligible for benefits under Section 401(d)(1) because the claimant failed to produce evidence that he was able to do some type of work and that there was a reasonable opportunity for securing such work. *Molnar,* 397 A.2d at 871.

Here, Claimant established the presumption of availability by registering for unemployment compensation benefits. The presumption was rebutted by the evidence of his medical condition causing a deterioration of his

6

muscle tone and restricting his mobility to the point that he must use a walker, cannot walk more than ten to twenty feet, and is prone to falling, allowing him to only work from home. This limitation, while not disqualifying in itself, was sufficient to rebut the presumption of availability. *Rohde,* 28 A.3d at 243; *Molnar,* 397 A.2d at 870. Therefore, the burden shifted back to Claimant to prove that he is able to work and available for suitable work.

We have previously recognized that:

> If the claimant, though disabled, is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of his residence, he is attached to the labor force. There is no requirement that the claimant be able to do the same work or type of work as he was formerly; it is sufficient if he is able to do some kind of work and if there is reasonable opportunity for securing such work.

*Hower and Son v. Unemployment Compensation Board of Review,* 509 A.2d 1383, 1386 (Pa. Cmwlth. 1986) (quoting *Patsy v. Unemployment Compensation Board of Review,* 345 A.2d 785, 787 (Pa. Cmwlth. 1975)).

Unfortunately, unlike the employee in *Rohde,* Claimant produced no evidence that he was able to do some type of work within his restrictions or that he had a reasonable opportunity of obtaining such work. Although Claimant believed that there was work that he could do from his residence and attempted in good faith to identify such work, he was unable to do so. Thus, the Board properly determined that Claimant did not establish a realistic attachment to the job market and is ineligible for benefits under Section 401(d)(1) of the Law.

7

Accordingly, we affirm the Board's order.


MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth J. Petri,                           :
                                            : No. 1659 C.D. 2015
                    Petitioner              :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                    Respondent              :


# O R D E R


AND NOW, this 20<u>th</u> day of <u>April</u>, 2016, the Unemployment Compensation Board of Review's order dated August 10, 2015 is affirmed.


MICHAEL H. WOJCIK, Judge