# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PORTIA GARRETT, | : | |
| | : | |
| Appellant, | : | K17A-01-002 JJC |
| | : | In and For Kent County |
| v. | : | |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEALS BOARD AND | : | |
| AMAZON.COM DEDC, INC. | : | |
| | : | |
| Appellees. | : | |
| | : | |

## ORDER

Submitted: June 12, 2017
Decided: June 22, 2017

On this 22nd day of June 2017, having considered Appellant Portia Garrett's (hereinafter "Ms. Garrett's") appeal, it appears that:

1. Ms. Garrett appeals the Unemployment Insurance Appeal Board's (hereinafter "the Board's") decision that she is ineligible to receive unemployment benefits. Since this matter involves an appeal of an administrative agency's decision, the Court is confined to a review of the facts contained in the record, and it is those facts that are referenced herein.

2. Ms. Garrett worked for Amazon.com DEDC, Inc. (hereinafter "Amazon"). While on the job, Ms. Garrett injured herself through no fault of her own. Due to this injury, Amazon placed her on approved medical leave from December 31, 2015 to May 6, 2016. During the time that Ms. Garrett was on approved medical leave, Amazon continued to provide her with a source of income through its

disability insurance. After her approved medical leave ended, her doctor placed her on light duty, which meant Ms. Garrett's ability to work remained restricted.

3. Despite having a source of income through Amazon, Ms. Garrett filed for unemployment benefits after failing to receive workers' compensation benefits. On September 28, 2016, a Claims Deputy at the Division of Unemployment Insurance denied Ms. Garrett's claim finding that she failed to prove that Amazon had terminated her employment. The Claims Deputy found that Ms. Garrett was not an unemployed person and therefore was ineligible to receive unemployment benefits. Ms. Garrett subsequently filed a notice of appeal on October 6, 2016. Ms. Garrett indicated that she filed the appeal because Amazon informed her that it terminated her employment due to her light duty restriction. The Division of Unemployment Insurance then scheduled an appeal hearing before an Appeals Referee.

4. At the hearing, Amazon did not appear. However, the company provided a document claiming that it had not fired Ms. Garrett. Instead, the company maintained that she had failed to return from her approved medical leave. That document also stated that Amazon still considered Ms. Garrett an employee. Ms. Garrett was unable to present the referee with documentation that Amazon terminated her employment. Accordingly, the referee found that Ms. Garrett was not an unemployed individual, and was therefore not entitled to unemployment benefits. Ms. Garrett then filed an appeal of this decision to the Board. The Board scheduled a hearing for December 7, 2016.

5. At the hearing, the evidence the Board considered included documentation provided by Ms. Garrett from her doctor restricting her workload to light duty. The Board also considered Ms. Garrett's testimony that Amazon was unable to provide her with a position that qualified as light duty work. After the hearing, the Board modified the referee's decision. Namely, the Board found that Ms. Garrett

2

did not qualify as an unemployed person. Despite this modification, the Board affirmed the referee's decision holding that Ms. Garrett is not entitled to unemployment benefits. In so finding, the Board determined that Ms. Garrett's doctor had not medically cleared her to return to work without restrictions, and therefore, she remained unable to perform her job requirements. The Board determined that since Ms. Garrett is medically unable to work, she is not entitled to unemployment benefits. She then appealed the Board's decision to the Superior Court.

6. Ms. Garrett is entitled to appeal the Board's decision to this Court pursuant to Section 3323(a) of Title 19 of the Delaware Code. When reviewing an appeal from an administrative board's final order, this Court is confined to a determination of whether the Board's decision is supported by substantial evidence and is free from legal error.[1] Substantial evidence equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] Substantial evidence is "more than a scintilla but less than a preponderance."[3] On review, "the court is not authorized to make its own factual findings, assess credibility of witnesses or weigh the evidence."[4] Furthermore, "[i]n reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below."[5]

---

[1] *E.g.*, *Unemployment Ins. Appeal Bd. of the Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[3] *Id.* (quoting *Cross v. Califano*, 475 F.Supp. 896, 898 (D. Fla. 1979)).

[4] *Sokoloff v. Bd. Of Med. Practice*, 2010 WL 5550692, at *5 (Del. Super. Ct. 2010).

[5] *Pochvatilla v. US Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. Ct. 1997); *see also Thompson*, 25 A.3d at 782.

3

7. The burden is on Ms. Garrett to establish that she is entitled to unemployment benefits.[6] Accordingly, she is required to show that she "is able to work and is available for work and is actively seeking work."[7] Delaware courts incorporate into the term "available to work" both the "ability to work and qualification through skill, training or experience for a particular occupation, commonly expressed in terms of an identifiable labor market."[8] However, when a person is unable to work due to a medical or physical disability, that individual is not eligible to receive unemployment benefits until a doctor clears that person to return to work.[9] Delaware courts consistently note that unemployment benefits are not health insurance and accordingly are "not available to those who are unable to work due to illness."[10]

8. Here, Ms. Garrett presented the Board with a doctor's certificate clearing her to return to work for eight hours a day but on light duty restriction. Ms. Garrett also presented evidence to the Board that Amazon was unable to accommodate her light duty restriction.

9. Delaware courts have previously held that an employee's ability to work at restricted duty that his or her employer cannot accommodate is insufficient to establish that an individual is available for work and thus entitled to unemployment

---

[6] *Petty v. Univ. of Del.*, 450 A.2d 392, 395 (Del. 1982).

[7] 19 *Del. C.* § 3315(3).

[8] *E.g.*, *Petty*, 450 A.2d at 395; *Drewry v. Air Liquide-Medal, LLC*, 2011 WL 6400550, at *2 (Del. Super. Ct. Dec. 13, 2011); *Briddell v. Dart First State*, 2002 WL 4499437, at *1 (Del. Super. Ct. Mar. 28, 2002).

[9] 19 *Del. C.* § 3314(8); *see also Drewry*, 2011 WL 6400550, at *2 (stating that those individuals unable to work due to a physical disability are not entitled to unemployment benefits).

[10] *Morris v. Unemployment Ins. Appeal Bd.*, 340 A.2d 162, 163 (Del. Super. Ct. 1975).

benefits.[11]  Given the doctor's note stating that Ms. Garrett is on light restriction for work and Amazon's representation that it is unable to accommodate that restriction, there is sufficient evidence to support the Board's decision that Ms. Garrett is not available to work at this time.  The Board's decision is free of legal error and supported by substantial evidence, and therefore, pursuant to 19 *Del. C.* § 3315(3), Ms. Garrett is not entitled to unemployment benefits.  As the Board determined, once Ms. Garrett receives a doctor's certificate clearing her to return to work without restrictions, this disqualification will no longer remain in effect.

For the reasons set forth above, the Court affirms the decision of the Board.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[11] *E.g.*, *Drewry*, 2011 WL 6400550, at *2; *Briddell*, 2002 WL 4499437, at *3.