# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYNESIA STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K21A-02-003 RLG |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIANA CARE | ) | |
| HEALTH SERVICES AND | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 3, 2021
Decided: December 23, 2021

*Upon Defendant's Motion to Dismiss – GRANTED.*

*Upon Claimant's Motion for Supplemental Response – DENIED.*

## ORDER

Before the Court is the Unemployment Insurance Appeals Board's (hereinafter the "Board") Motion to Dismiss the appeal of Claimant Tynesia Stewart (hereinafter the "Claimant"). Claimant has appealed a decision of the Board, upholding an Appeals Referee's denial of unemployment benefits. The Referee's decision upheld a Claims Deputy's determination that Claimant was ineligible to receive unemployment benefits. The Board contends that Claimant's appeal to the Superior Court is untimely and seeks dismissal pursuant to Superior Court Civil Rule 72(i). For the following reasons, the Board's Motion to Dismiss is **GRANTED**.

1

## I. **Factual and Procedural History**

In September of 2016, Claimant became a full-time employee of Christiana Care Health Services (hereinafter "Employer"). On August 23, 2020, Claimant began an approved leave of absence from her employment in order to supervise and facilitate her children's remote schoolwork.[1] Subsequently, Claimant filed for unemployment benefits. On September 11, 2020, a Claims Deputy denied Claimant's application for unemployment benefits, finding that she was not an "unemployed" individual when she filed for benefits. On September 17, 2020, Claimant appealed the Claims Deputy's decision.

On November 24, 2020, an Appeals Referee conducted a telephonic hearing to review Claimant's appeal. Claimant testified on her own behalf. Employer did not appear. The Referee determined that Claimant was not an "unemployed person" at the time she filed for benefits, and, therefore, was ineligible to receive them. The Referee's decision was mailed to Claimant on December 4, 2020. The Referee's Decision explained that the last day to file an appeal with the Board was December 14, 2020 - the day that the Referee's Decision became final and binding.[2] Claimant filed an appeal of the Referee's Decision on December 15, 2020.

---

[1] Claimant's leave of absence ended on November 13, 2020, and she returned to work full-time with Employer on November 16, 2020.

[2] This statutory deadline is outlined in 19 Del. C. § 3318(c).

On December 23, 2020, the Board conducted a review hearing to determine whether or not it would consider Claimant's untimely appeal. The Board concluded that, because Claimant's appeal was filed one day after the statutory deadline, it would not hear it. Consequently, the Board affirmed the Referee's decision. The Board's decision was mailed to Claimant on December 31, 2020 and became final on January 10, 2021. Pursuant to 19 Del. C. § 3323(a), the statutory deadline for filing an appeal of the Board's decision was January 20, 2021.

Claimant filed an appeal of the Board's decision on February 16, 2021. The Board filed this Motion to Dismiss on May 27, 2021, asserting that Claimant's untimely appeal should be dismissed pursuant to Superior Court Civil Rule 72(i).[3] Claimant filed a response to the Board's Motion to Dismiss on June 4, 2021, in which she contended that she was not made aware of the Board's decision in a "timely manner," and, therefore, could not appeal before the statutory deadline.[4]

Claimant argued that, in December of 2020, "the post office was not fully operational."[5] Thus, the letter informing her of the Board's decision was "one of millions and millions of pieces of mailing just sitting" in the post office.[6] In making

---

[3] Del. Super. Ct. Civ. R. 72(i). The Rule provides that the Superior "Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party." The Rule specifies that the appeal may be dismissed for untimely filing. Id.

[4] Appellant's Resp. to Mot. to Dismiss.

[5] Id.

[6] Id.

this argument, Claimant did not specify when she received notice of the Board's decision. In a reply letter, the Board rejected Claimant's assertion that she did not receive the Board's final decision in time to file her appeal timely. The Board emphasized that (1) any delay by the postal service was not attributable to court personnel; and (2) Claimant failed to rebut the well-recognized presumption that a mailing, properly addressed, has been received by the addressee.

On June 14, 2021, Claimant filed a Motion for Supplemental Response, in an effort to supply additional information to her Response to the Board's Motion to Dismiss. In this request, Claimant argued that she had been paid for only two weeks of Lost Wage Assistance ("LWA") benefits, even though she was entitled to receive twelve weeks' worth of benefits. This issue was not raised before the Referee, the Board, or in Claimant's appeal to this Court. Claimant also sought $10,000 in compensatory damages.

The Board did not respond to Claimant's Motion for Supplemental Response. However, the Delaware Division of Unemployment Insurance ("The Division"), a party-in-interest, sent a letter to the Court requesting that it deny Claimant's Motion for Supplemental Response. The Division did not participate in the briefing of the Motion to Dismiss, as it related to procedural issues – and not substantive issues related to eligibility for benefits. The letter from The Division noted that Claimant's appeal to this Court was not related to Claimant's new request for LWA benefits.

4

## II.     Standard of Review

When reviewing an appeal of a decision by the Board, the Superior Court's role "is limited to a determination of whether there was substantial evidence sufficient to support the findings of the Board."[7] This Court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8] Thus, "[t]he Superior Court does not independently weigh the evidence, determine questions of credibility[,] or make its own factual findings."[9] "Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions."[10]

## III.     Discussion

### A. The Timeliness of Claimant's Appeal

To appeal a decision of the Board, an aggrieved party must file notice of appeal with the Superior Court within ten days of the Board's decision becoming final.[11] The Board's decision becomes final "ten days after the date of notification

---

[7] Crews v. Sears Roebuck & Co., 2011 WL 2083880, at *2 (Del. Super. May 11, 2011) (internal quotation marks omitted) (citing Unemployment Ins. Appeals Bd. v. Duncan, 337 A.2d 308, 309 (Del. 1975)).

[8] Lorah v. Home Helpers, Inc., 2011 WL 2112739, at *2 (Del. May 26, 2011) (citing Oceanport Indus., Inc. v. Wilmington Stevedores, Inc., 636 A.2d 892, 899 (Del. 1994)); see also Lively v. Dover Wipes Co., 2003 WL 21213415, at *1 (Del. Super. May 16, 2003) (quoting Onley v. Cooch, 425 A.2d 610, 614 (Del. 1981) (defining "substantial evidence" as "more than a scintilla but less than a preponderance[.]")).

[9] Lorah, 2011 WL 2112739, at *2 (citing Johnson v. Chrysler Corp., 213 A.2d 64, 66 (Del. 1965)).

[10] Spangler v. Unemployment Ins. Appeal Bd., 2016 WL 1613232, at *2 (Del. Super. Mar. 23, 2016).

[11] 19 Del. C. § 3323(a).

or mailing of the decision."[12] Thus, the aggrieved party has twenty days from the date of the decision's mailing to file an appeal with the Superior Court.[13] A party's failure to file his or her appeal within the statutory deadline creates a jurisdictional defect.[14] This defect can be excused only by "unusual circumstances attributable to court personnel, not the appellant."[15] "Because the time for filing an appeal is an express statutory condition of jurisdiction, it is both mandatory and dispositive."[16]

Here, there is no dispute that Claimant's appeal to the Superior Court was untimely. The Board's decision became final on January 10, 2021, but Claimant did not file her appeal until February 16, 2021. However, Claimant suggests that the untimeliness of her appeal should be excused because of an error by the postal service. Specifically, she argues that, on the day the Board's decision was mailed to her, "the post office was not fully operational . . . and the post office was inundated with tons of mailings and packages."[17] She further contends that, in its Motion to Dismiss, the Board should have provided evidence that "[Claimant] was in receipt

---

[12] Henry v. Dep't of Labor, 293 A.2d 578, 582 (Del. Super. 1972).

[13] Lockwood v. Unemployment Comp. Comm'n, 76 A.2d 311, 313 (Del. Super. 1950).

[14] Spangler, 2016 WL 1613232, at *2.

[15] Id. (internal quotation marks omitted) (quoting Ortiz v. Adecco USA, Inc., 2015 WL 5120986, at *1 (Del. Super. Aug. 11, 2015)).

[16] Id.

[17] Appellant's Resp. to Mot. to Dismiss.

of the findings prior to the answer being final on January 10[,] 2021."[18] Specifically, she believes that the Board should have provided proof that its decision was sent via certified mail.[19]

The Court does not find these arguments to be persuasive. In Delaware, there is a rebuttable presumption that a mailing, properly addressed, has been received by the intended recipient.[20] Thus, it is Claimant, rather than the Board, who must provide evidence to rebut the presumption that the Board's decision was properly mailed and received. She has not done so.

Rather, Claimant has asserted, without citation or factual support, that the post office was "not fully operational" during the period of time in which the Board's decision was mailed to her.[21] The Court recognizes that there was a high volume of packages, letters, and other forms of mail flowing through the United States Postal Service in December of 2020. Increased volume is to be expected during the holiday season. Undoubtedly, this situation was further complicated by the Covid-19 pandemic. However, apart from these generalized considerations, Claimant has not provided the Court with any evidence that would support the assertion that the

---

[18] Id.

[19] Id.

[20] Casello v. News Journal Co., 2010 WL 5825342, at *3 (Del. Super. Dec. 29, 2010) (citing Lively, 2003 WL 21213415, at *1).

[21] Appellant's Resp. to Mot. to Dismiss.

Board's decision, correctly addressed to Claimant, was delayed in its delivery to her. Further, Claimant has provided no evidence of when she actually received the notice. Consequently, this Court concludes that Claimant has failed to rebut the presumption that the Board's decision was properly delivered.

Claimant has submitted no evidence attributing the alleged delay in her receipt of the Board's decision to an error of court personnel.[22] Without such an assertion, and substantive evidence to support it, the Court must find that the appeal was untimely.[23] Given the lack of court personnel error, the Court cannot and will not exercise jurisdiction over Claimant's appeal.[24]

## B. Claimant's Motion for Supplemental Response

Next, the Court will address the Claimant's Motion for Supplemental Response. The Court will not review the merits of this request for two reasons. First, as discussed above, the Court lacks jurisdiction to consider the merits of Claimant's appeal because it was untimely filed. Second, the matters addressed in Claimant's Motion are substantive arguments that (1) are outside the scope of the procedural issues raised in the Motion to Dismiss; and (2) relate to issues not considered by the Board below and not addressed in Claimant's original appeal to this Court.

---

[22] See Spangler, 2016 WL 1613232, at *2.

[23] Id.

[24] See Draper King Cole v. Malave, 743 A.2d 672, 673 (Del. 1999) ("The appellate jurisdiction of a court cannot be invoked or properly exercised unless an appeal is perfected within the time period fixed by law.").

Even if this Court were to consider the merits of Claimant's appeal, the matters addressed in Claimant's Motion for Supplemental Response still could not be appropriately evaluated. When reviewing an appeal of an administrative body's decision, this Court is limited to a review of the Record established below.[25] Because the issues raised by Claimant in her Motion are not part of the Record, this Court cannot take them into consideration on appeal.[26] Accordingly, Claimant's Motion for Supplemental Response is denied.

## IV.  Conclusion

For the foregoing reasons, the Board's Motion to Dismiss is **GRANTED** and Claimant's Motion for Supplemental Response is **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[25] Hubbard v. Unemployment Ins. Appeal Bd., 352 A.2d 761,763 (Del. 1976); see also Petty v. Univ. of Delaware, 450 A.2d 392, 396 (Del. 1982) (noting that claimant could not offer additional evidence on appeal because she was "bound by the record of the administrative hearing.").

[26] Hurtt v. Unemployment Ins. Appeals Bd., 2019 WL 1558585, at *1 (Del. Super. Apr. 10, 2019).